UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILO DANTE LEWIS,<br><br>        Plaintiff,<br><br>    v.<br><br>BEAR STEARNS RESIDENTIAL MORTGAGE CORP., et al.,<br><br>        Defendants. | No.  2:23–cv–1010–KJN PS<br><br>ORDER ON MOTION TO REMAND<br><br>(ECF No. 24.) |

Plaintiff Lewis filed claims in California Superior Court against defendants Bear Stearns Residential Mortgage Corporation, JP Morgan Chase Bank N.A., Community Loan Servicing LLC, Nationstar Mortgage LLC, and MTC Financial Services Inc. concerning actions taken by the parties in relation to a residential mortgage.  (See ECF No. 1.)  Chase removed to this court, alleging both federal question and diversity jurisdiction.[1]  (Id.)  Plaintiff now moves to remand back to state court, arguing:  (I) Chase's removal contains non-jurisdictional defects; and (II) the court lacks both subject matter and diversity jurisdiction; Chase opposes.  (ECF Nos. 24, 32.)

For the reasons stated below, the court DENIES plaintiff's motion to remand without prejudice.  Given plaintiff's expressed intent to file an amended complaint, and good cause appearing, plaintiff shall file an amended complaint within 30 days of this order.

---

[1] All parties consented to the jurisdiction of the magistrate judge for all purposes under 28 U.S.C. § 636(c), and the case was reassigned to the undersigned.  (ECF Nos. 19, 20, 23, 27, 29.)

**Legal Standards - Removal and Remand**

A defendant may remove to federal court if a claim filed in state court also could have initially been brought in federal court. 28 U.S.C. § 1441(a); Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Generally, federal courts have original jurisdiction over civil actions arising under federal law as well as those between citizens of different states in which the alleged damages exceed $75,000. 28 U.S.C. §§ 1331, 1332.

A removed case may be remanded due to defects in the removal process (if requested within 30 days of removal) or a lack of subject matter jurisdiction (if apparent any time before final judgment). 28 U.S.C. § 1447(c). The removal statute is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Id. at 1106-07. This "strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." Geographic Expeditions, 599 F.3d at 1107; Gaus, 980 F.2d at 566.

**Analysis**

**I.   No defects in removal are apparent.**

Plaintiff raises multiple arguments as to why he contends Chase's removal contains fatal defects; he requests the court remand based on these defects alone. The court disagrees with plaintiff on each of his arguments.

First, plaintiff contends Chase's removal was untimely, arguing it was not made within 30 days of service on defendant Bear Stearns. Title 28 U.S.C. § 1446(b)(1) requires removal within 30 days of service of the complaint, but this deadline is personal to each defendant. See 28 U.S.C. § 1446(b)(2)(B) ("Each defendant shall have 30 days after receipt by or service on that defendant . . . to file the notice of removal."). Chase was not named in the original complaint and was only added as a defendant when plaintiff filed the first amended complaint ("1AC") in March of 2023.

2

(Cf. ECF No. 1 at 10, with id. at 104.)  Chase was served with process on April 27, 2023, and removed to this court on May 30, 2023.  (Id. at 8, 216.)  As 30 days from April 27 was a Saturday and the following Monday was a holiday, Chase's removal was within the 30-day window.  28 U.S.C. § 1446(b); see also Fed. R. Civ. P. 6(a)(3) (rules regarding timekeeping for weekends and holidays).  To the extent plaintiff argues the court should start counting time from the date of service on Bear Stearns because that company has been absorbed by Chase, the court finds California's statutory structure does not support such an interpretation.  Simply, California law lays out a separate procedure for service on dissolved corporations, indicating an intent to treat as distinct, for purposes of service of process, dissolved companies and those owning the dissolved company's assets.  Cf. Cal. Civ. P. § 416.10 (base rules for service); with § 416.20 ("A summons may be served on a corporation that has forfeited its charter or right to do business, or has dissolved, by delivering a copy of the summons and of the complaint:  (b) When authorized by any provision in Sections 2011 . . . of the Corporations Code . . . as provided by such provision."); Cal. Corp. Code § 2011(b) (noting service on a dissolved corporation can be effectuated by delivering summons to the dissolved entity's registered agent, among others).

      Plaintiff's remaining "defects in removal" arguments are even less persuasive.  Plaintiff contends the case should be remanded because Chase:  (i) took acts amounting to Rule 11 violations (including misspelling a party's name in the removal notice, misrepresenting in briefing that the loan in question belongs to plaintiff, and failing to attach all documents filed in the state court proceedings); (ii) interfered with an "impending default" by defendant Community (as its answer was due the day Chase removed); (iii) committed an "abuse of process" by removing; and (iv) colluded with the other defendants by obtaining their consents.  These arguments border on legal frivolity, as:  (i) the court received the proper notice from Chase to remove, 28 U.S.C. § 1446(a) (and the omitted document has since been submitted to the court); (ii) removal explicitly ends all litigation in state court, 28 U.S.C. § 1446(d); (iii) federal law permits removal, 28 U.S.C. § 1441; and (iv) the removal statute requires a defendant to obtain the consent of other defendants to remove to federal court, 28 U.S.C. § 1446(b)(2)(A).

      Thus, the court denies plaintiff's motion to remand based on asserted removal defects.

**II.     The court has subject matter jurisdiction over the operative complaint.**

Next, plaintiff challenges the court's subject matter jurisdiction over the claims in the 1AC, contending that neither federal question jurisdiction nor diversity jurisdiction lies in this case. Based on the facts and claims stated in the 1AC, as well as in defendants' supplemental filings regarding their citizenships, the court disagrees with plaintiff.

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of a properly-pleaded complaint. Caterpillar, 482 U.S. at 392; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that diversity jurisdiction can be determined on the face of the complaint or, if not evident from that document, based on a preponderance of the evidence in the record); Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (reminding that an LLC's citizenship is determined by looking at the citizenships of its members).

   A.   Diversity Jurisdiction

Here, based on the allegations in the 1AC and the facts stated in defendants' supplemental declarations concerning their citizenships, the court finds the case was properly removed based on diversity jurisdiction principles. 28 U.S.C. § 1441(b). The parties do not dispute that this case concerns alleged damages over $75,000. (ECF No. 1 at 139 (prayer for relief requesting $250,000 in damages).) Further, the citizenships of plaintiff and defendants Bear Stearns, Chase, Community Loan Servicing, and Nationstar are not in dispute. (See ECF No. 1 at 4-5 (noting plaintiff is a California citizen, Chase is a national bank with its main office in Ohio, Bear Stearns citizenship is the same as Chase's, Community is a Delaware LLC with its main office in Florida, and Nationstar is a Delaware LLC with its main office in Texas). In addition, the court has verified the citizenship status of the two LLCs' members. Johnson, 437 F.3d at 899. (See ECF Nos. 15 and 16 (discussing the memberships of Nationstar and Community).)

The only party's citizenship that is currently in dispute is that of MTC Financial Services Inc., a.k.a. "Trustee Corps." Chase contends this defendant's citizenship should be disregarded as a "nominal" party because its only actions in this case were to serve as the foreclosure trustee. See McMahon v. NBS Default Services, LLC, 2018 WL 43228304, *4 (E.D. Cal. 2018) (discussing foreclosure trustees and stating that "[a] defendant is not a nominal party where the complaint pleads substantive allegations against the defendant and seeks to recover damages"). Plaintiff disagrees, arguing he intended to sue Trustee as more than a nominal party. For support, plaintiff points to his objections to Trustee's "Declaration of Nonmonetary Status" filed in state court prior to removal. (ECF No. 1 at 199-207.)

The court agrees with Chase that, based on the allegations in the 1AC, plaintiff's current claims for damages appear to be brought only against Chase, Bear Stearns, Community, and Nationwide. In fact, the only time the 1AC mentions Trustee is to identify the entity as acting on behalf of other defendants. (See, e.g., ECF No. 1 at 105 (". . . MTC Financial d/b/a/ Trustee Corps., acting for Community Loan Servicing in the capacity as the purported foreclosure trustee."); see also id. at 107 (noting Trustee was assigned as the foreclosure trustee); 112 (alleging Bear Stearns and Community "through Trustee Corps." executed and recorded notice of default); 113 (noting Community acted "through Trustee Corps."); 115 (same, and noting Trustee received a $67,000 payment on behalf of Community).) Thus, the court finds the 1AC describes Trustee only as a nominal party, and therefore its citizenship should be disregarded for diversity jurisdiction purposes.[2] McMahon, 2018 WL 43228304.

B. Federal Question Jurisdiction

Further, even without a finding of diversity jurisdiction, plaintiff would have to contend with the matter of federal question jurisdiction. Plaintiff argues 1331 jurisdiction should not lie because the majority of his claims are state law claims, and his Fair Debt Collection Practices Act claim (15 U.S.C. § 1692) is meant to simply "buttress" his Rosenthal Fair Debt Collection

---

[2] Plaintiff also argues the court should find a lack of diversity because the 1AC names several Doe defendants, arguing removal is to be strictly construed. However, the text of the removal statute explicitly instructs the court to ignore the citizenship of defendants "sued under fictitious names." 28 U.S.C. § 1441(b)(1).

Practices Act claim (Cal. Civ. Code § 1788). However, plaintiff's 1AC plainly attempts to state a claim under the FDCPA, which arises under federal law. (See ECF No. 1 at 120-22.) Thus, Chase was permitted to remove to this court under federal question jurisdiction. 28 U.S.C. § 1441(c)(1)(A) ("If a civil action includes [] a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title) . . ., the entire action may be removed . . . ."). The court also has supplemental jurisdiction over plaintiff's remaining state law claims because they arise from the same nucleus of facts. 28 U.S.C. § 1367.

Given these findings on the 1AC, plaintiff's motion to remand is denied.

### III. An amended complaint is proper and would moot the pending motions.

The court is not wholly dismissive of plaintiff's contentions—that he intended to raise state law claims only against non-diverse parties. Given that plaintiff proceeds without the aid of counsel, the fact that Rule 15 commands the court allow for amendment of the pleadings "when justice so requires," and that the rule of remand allows a plaintiff to "avoid federal jurisdiction by exclusive reliance on state law," Caterpillar, 482 U.S. at 392 (reminding that the plaintiff is "master of the claim"), plaintiff will be provided with an opportunity to amend his complaint if he so chooses.

Plaintiff may avoid federal court jurisdiction by (a) removing his FDCPA claim (Count II) and (b) clarifying his allegations against Trustee Corp. See Rockwell v U.S., 549 U.S. 457, 473-74 (2007) (noting that the withdrawal of allegations establishing federal jurisdiction, unless they are replaced by others that establish jurisdiction, allows for remand, and stating "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction"). Clarifying the allegations against Trustee is particularly important, as plaintiff cannot just state in a conclusory manner that Trustee is more than a nominal party. Instead, he must state facts indicating that Trustee Corps. went beyond its role as trustee and participated in some way in conduct that makes it liable for a violation of state law. See, e.g., Perez v. Wells Fargo Bank, N.A., 929 F. Supp. 2d 988, 1004 (9th Cir. 2013) (noting sufficient factual allegations indicated the trustee was allegedly liable for claims in the complaint and potentially owed damages, thus treating the trustee as more than a nominal party

and requiring an examination of its citizenship).

At the hearing, plaintiff expressed an intent to add other parties to this suit who are California residents. Plaintiff may amend at his discretion so long as he has a factual basis to assert claims against a party who took actions in relation to this suit. See Fed. R. Civ. P. 11. However, and without commenting on the nature of such claims, plaintiff is cautioned that the law disfavors the addition of parties solely to defeat jurisdiction. See Rules 17-21 of the Federal Rules of Civil Procedure (regarding the joinder of claims and parties and the court's power regarding misjoinder); 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.").

**PROCEDURE FOR AMENDMENT**

If plaintiff elects to file an amended complaint removing the FDCPA claim and clarifying his allegations against Trustee (and additional California residents), he would also be wise to consider the substance of defendants' pending motions to dismiss and fix any pleading deficiencies identified therein (to the extent they can be fixed). Further, plaintiff is informed that the court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. See Local Rule 220. This new pleading must be filed by September 8, 2023. If plaintiff files an amended complaint, defendants' pending motions to dismiss (at ECF Nos. 9 and 17) will be denied as moot, but without prejudice to potentially renewed motions.

Alongside this "Second Amended Complaint," plaintiff may file a one-page motion to remand based on a lack of subject matter jurisdiction. Defendants should then confer and file either a fully briefed opposition or statement of non-opposition, which would be due by September 29 (this may be a single, joint opposition if defendants wish). Should any defendant oppose remand, plaintiff may file a fully briefed reply by October 9, and the court would take the matter under submission without need for a hearing. Local Rule 230(g).

Alternatively, if plaintiff does not wish to amend, the court will resume its consideration of defendants' motions to dismiss. (See ECF Nos. 9 and 17.) Plaintiff's opposition to these motions would be due by September 8, 2023, defendants' replies would be due by September 18, and the

court would resolve the motions without a hearing.  Local Rule 230(g).

**<u>ORDER</u>**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand (ECF No. 24) is DENIED WITHOUT PREJUDICE;
2. By September 8, 2023, plaintiff shall file either:  (a) an amended complaint and one-page motion to remand; or (b) opposition to defendants' pending motions to dismiss; and
3. The court will issue further scheduling orders in this case after plaintiff files one of the above.

Dated:  August 9, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

lewi.1010