UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILO DANTE LEWIS,<br><br>            Plaintiff,<br><br>     v.<br><br>BEAR STEARNS RESIDENTIAL MORTGAGE CORP., et al.,<br><br>            Defendants. | No.  2:23–cv–1010–KJN PS<br><br>ORDER ON MOTION FOR RECONSIDERATION<br><br>(ECF No. 40.) |

Plaintiff Lewis filed claims in California Superior Court against defendants Bear Stearns Residential Mortgage Corporation, JP Morgan Chase Bank N.A., Community Loan Servicing LLC, Nationstar Mortgage LLC, and MTC Financial Services Inc. concerning actions taken by the parties in relation to a residential mortgage.  (See ECF No. 1.)  Chase removed to this court, alleging both federal question and diversity jurisdiction.[1]  (Id.)  Plaintiff moved to remand arguing that Chase's removal contained non-jurisdictional defects and arguing the court lacked both subject matter and diversity jurisdiction; Chase opposed.  (ECF Nos. 24, 32.)  The court found plaintiff's non-jurisdictional defect arguments without merit, found the court currently had subject matter jurisdiction, and provided plaintiff an opportunity to amend if he wished to excise his sole federal question and assert facts that would destroy diversity jurisdiciton.  (ECF No. 39.)

---

[1] All parties consented to the jurisdiction of the magistrate judge for all purposes under 28 U.S.C. § 636(c), and the case was reassigned to the undersigned. (ECF Nos. 19, 20, 23, 27, 29.)

1

Presently before the court is plaintiff's "motion for reconsideration of order on remand." (ECF No. 40.) Plaintiff only contests the court's ruling on his non-jurisdictional arguments, asserting error in the court's analysis and seeking reconsideration under Fed. R. Civ. P. 60(a) (reconsideration of an order for clerical errors, mistakes, oversights, and omissions), 60(b)(1) (mistake, inadvertence, surprise, or excusable neglect), 60(b)(6) (the catchall provision), and 60(c)(1) (governing the time in which any such motion should be filed).

Although plaintiff's motion is timely, he fails to demonstrate any mistake that affects the substantive rights of the parties, nor any inadvertence, surprise, or excusable neglect. Rule 60(a) and (b)(1). Further, plaintiff has failed to show exceptional circumstances under the catchall provision. Rule 60(b)(6). In essence, plaintiff reasserts his same arguments as he asserted in his motion to remand regarding Bear Stearns's alleged receipt of the summons and first amended complaint, Chase's receipt of the same sometime later, and Chase's removal to this court. Plaintiff also argues procedural unfairness due to the fact that the order relied on cases not briefed by the parties and due to the court's decision not to engage in lengthy arguments at the August 2023 hearing regarding plaintiff's non-jurisdictional arguments. The court resolved these issues in its prior order, and plaintiff's motion fails to provide any reason, let alone extraordinary circumstances, warranting relief from that order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for reconsideration (ECF No. 40) is DENIED;
2. Plaintiff shall have until September 15, 2023 to file his amended complaint or his response to defendants' motions to dismiss as outlined in the court's prior order (at ECF No. 39).

Dated: August 25, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, lewi.1010

2