

1    MILO DANTE LEWIS
     1471 Greenwillow Way
2    Tracy, California 94501
     Telephone (707) 340-6000
3    Email milolewis@hotmail.com

4    *Plaintiff, proceeding pro se*

FILED

SEP 1 1 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
            DEPUTY CLERK

5

6

7

8                      UNITED STATED DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MILO DANTE LEWIS,                    No. 2:23-cv-1010-KJN (PS)

12                 Plaintiff,             **VERIFIED SECOND AMENDED
                                          COMPLAINT FOR:**
13        v.

14   BEAR STEARNS RESIDENTIAL             **1)** VIOLATIONS OF THE CALIFORNIA
     MORTGAGE CORPORATION;                ROSENTHAL FAIR DEBT COLLECTION
15   COMMUNITY LOAN SERVICING, LLC f/k/a  PRACTICES ACT, CALIFORNIA CIVIL
     BAYVIEW LOAN SERVICING, LLC;         CODE §1788. ET SEQ.
16   NATIONSTAR MORTGAGE, LLC d/b/a MR.   **2)** FRAUDULENT CONCEALMENT **3)**
     COOPER; JPMORGAN CHASE BANK, NA.;    NEGLIGENCE **4)** CANCELLATION OF
17   MTC FINANCIAL INC d/b/a/ TRUSTEE     INSTRUMENTS  **5)** VIOLATION OF
     CORPS; BAYVIEW ASSET                 CALIFORNIA CIVIL BUSINESS &
18   MANAGEMENT, LLC, QUALITY LOAN        PROFESSIONS CODE §17200, ET SEQ.
     SERVICE CORPORATION, SUZETTE         **6)** INTENTIONAL INFLICTION OF
19   WURZ a/k/a SUZETTE MURPHY, FEDERAL   EMOTIONAL DISTRESS **7)**
     NATIONAL MORTGAGE ASSOCIATION        INJUNCTIVE RELIEF UNDER
20   aka FANNIE MAE; and DOES 5– 25 Inclusive, CALIFORNIA BUS. & PROF. CODE
                                          §17200 AND CIVIL CODE OF
21                                        PROCEDURE §526 **8)** BREACH OF
                                          CONTRACT AND BREACH OF
22                 Defendants.            COVENANT OF GOOD FAITH AND
                                          FAIR DEALINGS **9)** NEGLIGENT
23                                        MISREPRESENTATION **10)** CIVIL
                                          CONSPIRACY **11)** INTENTIONAL
24                                        INTERFERENCE **12)** CONVERSION **13)**
                                          SLANDER OF TITLE **14)** DEFAMATION

25

26

27

28

                                    1
                  VERIFIED SECOND AMENDED COMPLAINT

1    Plaintiff, MILO DANTE LEWIS, ("Plaintiff' or "LEWIS"), files this Verified *Second*
2    *Amended Complaint* on his own behalf against Defendants, BEAR STEARNS RESIDENTIAL
3    MORTGAGE CORPORATION, in the capacity as original lender/investor/beneficiary and lender
4    of record (hereinafter referred to as "BEAR STEARNS"), COMMUNITY LOAN SERVICING,
5    LLC f/k/a BAYVIEW LOAN SERVICING, LLC, in the capacity as former servicer of the
6    subject debt obligation (hereinafter referred to as "BLS" "CLS" and/or "COMMUNITY"),
7    NATIONSTAR MORTGAGE, LLC d/b/a Mr. Cooper, in the capacity as the successor servicer
8    of the subject debt obligation *as well as* the successor owner of COMMUNITY by way of
9    acquisition (hereinafter referred to as "NATIONSTAR" "Mr. Cooper" or "COOPER"),
10   JPMORGAN CHASE BANK, N.A. as successor to BEAR STEARNS and as former servicer of
11   the subject debt obligation (hereinafter referred to as "JPMORGAN" and "CHASE"), MTC
12   FINANCIAL INC. d/b/a/ TRUSTEE CORPS, in the capacity as former foreclosure trustee for
13   and with COMMUNITY effective March 11 2020 through November 2 2022 (hereinafter referred
14   to as "TRUSTEE CORPS" or "MTC"), BAYVIEW ASSET MANAGEMENT, LLC in the
15   capacity as original owner of BLS and CLS and current post-acquisition platform operator and
16   manager of COMMUNITY (hereinafter referred to as "BAYVIEW" or "BAM"), QUALITY
17   LOAN SERVICES CORPORATION in the capacity of current foreclosure trustee for and with
18   NATIONSTAR from November 3, 2022 to the present (hereinafter referred to as "QUALITY"),
19   SUZETTE WURZ aka SUZETTE MURPHY in the capacity as the original and current borrower
20   to the subject debt obligation and former owner of the subject property (hereinafter referred to as
21   "Suzette" "Suzette Wurz/Murphy" or "WURZ/MURPHY") FEDERAL NATIONAL
22   MORTGAGE ASSOCIATION aka FANNIE MAE ("FANNIE MAE") and DOES 5-25,
23   inclusive, alleges truthfully as follows:
24   //
25   //
26   //
27   //
28

1

## I.   INTRODUCTION

2    The Defendants (collectively "the Bank") are attempting to collect and have collected

3  $67,700 on a debt purportedly secured to Lewis's home despite having no legal right to do so.

4  Further, in the process, the Bank engaged and is still engaging in unlawful, unfair, and fraudulent

5  debt collection practices. Based on these allegations and more, Plaintiff herein alleges fourteen

6  state causes of action, including the first claim alleging continuing violations of the California

7  Rosenthal Fair Debt Collections Practices Act. ("RFDCPA" or "Rosenthal Act") §1788.17 was

8  added to the Rosenthal Act effective January 1, 2000, to incorporate "the remedies" and certain

9  other obligations under the Federal FDCPA's §1692b through §1692j.

10    There is no dispute between the parties regarding Plaintiff's ownership of the subject

11  property. [See Exhibit A] The Bank arbitrarily "confirmed" Plaintiff as "successor in interest"

12  while investigating and subsequently authenticating his ownership. [See Exhibit B] Further, the

13  Bank, along with their borrower, recently memorialized that the transfer of ownership to Plaintiff

14  more than five years ago is legitimate. [See Exhibit C]

15    The dispute at hand is directed at the previous homeowner's outstanding debt obligation,

16  which was debt Defendant Suzette Wurz/Murphy fraudulently acquired from Bear Stearns in

17  2007, during her then-marriage to Antoine Edgar Murphy. ("Antoine Murphy") The matter before

18  the Court boils down to whether the subject debt obligation is void *ab initio or* just void specific

19  to Plaintiff and his home. For reasons set forth below, Plaintiff alleges that the Bear Stearns Deed

20  of Trust is **void**, the Bear Stearns Promissory Note is **void** and the written assignment and

21  foreclosure instruments the Bank published therefrom and thereafter, are all **void** as well.

22    Plaintiff sues and complains herein, as the real party in interest and Plaintiff is entitled to

23  relief in each and every claim set forth below.

24  //

25  //

26  //

27  //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    STATEMENT OF JURISDICTION

This action was originally filed in the Superior Court of the State of California, San Joaquin County ("State Court") and removed by Defendants CHASE and BEAR STEARNS (collectively as the "Chase Defendants") to the United States District Court ("Federal Court") on May 30, 2023.

On August 9, 2023, the Federal Court established removal jurisdiction by way of denying Plaintiff's Motion to Remand without prejudice. ("Remand Order") Consistent with that Remand Order, alongside this Second Amended Complaint, Plaintiff concurrently files a one-page motion to remand contending that subject matter jurisdiction does not exist and requesting REMAND of this action back to state court.

Pursuant to Code of Civil Procedure § 392(a), venue is proper in San Joaquin County because the subject real property is in San Joaquin County and Plaintiff is a resident of San Joaquin County. Further, the events and transactions occurred within San Joaquin County. This Court has proper subject matter jurisdiction over the within action as the real property, the subject of instant action, is so situated and physically located within this California Superior Court's Judicial District.

## III.    SUBJECT REAL PROPERTY AT ISSUE

The real property (herein after referred to as "subject property"), is the subject of any and all claims of any of the Parties hereto, and which is the subject of this instant action, and that of which Plaintiff prays for a Decree and/or Order thereto. The subject property is commonly described with the address of 1471 Greenwillow Way, Tracy, CA 95376, with the following legal description: Lot 305, As shown upon the Map of the Tract No.2684, WOODFIELD ESTATES, Unit No.4, as per Map filed May 7, 1996, in Book 32 of Maps and Plats, at Page 82, San Joaquin County Recorder.

## IV.    IDENTITY OF PARTIES

Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto Defendant, BEAR STEARNS is a registered foreign profit corporation licensed to do business in the State of California, in and of the County and City where Subject Property is so situated and

1   physically located which is within this Courts Judicial District.

2       Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto,

3   Defendant, COMMUNITY is a foreign Limited Liability Corporation. COMMUNITY's principal

4   purpose of business is providing servicing of mortgage loans to lien holders, lenders, investors,

5   and other mortgage note holders. Its principal place of business is 4425 Ponce de Leon Blvd, 5th

6   Floor, Coral Gables, FL 33146.

7       Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto,

8   Defendant, NATIONSTAR is a limited liability company, with its principal place of business in

9   Coppell, Texas. Mr. Cooper is the current name under which NATIONSTAR does business.

10  NATIONSTAR engages in mortgage servicing, debt collecting, processing borrower payments,

11  administering loss mitigation processes and managing foreclosures. NATIONSTAR is one of the

12  largest mortgage services, and non-bank mortgage servicers in the United States. In 2022,

13  NATIONSTAR finalized the acquisition of COMMUNITY from BAYVIEW ASSET

14  MAMAGMENT, LLC.

15      Plaintiff is informed and believes that Defendant, JPMORGAN CHASE is a multi-

16  national financial services company headquartered in New York City and incorporated in

17  Delaware. CHASE is the world's largest bank in the United States and the world's largest bank by

18  market capitalization as of 2023.  In March 2008, JPMORGAN acquired BEAR STEARNS.

19  JPMORGAN CHASE has its registered address for service in Glendale, California.

20      Plaintiff is informed and believes that Defendant, TRUSTEE CORPS is a California

21  corporation, and its principal place of Business is in Irvine California. TRUSTEE CORPS

22  provides non-judicial foreclosure and debt collection services in several states including

23  California.

24      Plaintiff is informed and believes that Defendant, BAYVIEW ASSET MANAGMENT,

25  LLC ("BAYVIEW" or "BAM") is an investment management firm focused on investments in

26  mortgages and consumer credit, including whole loans, asset backed securities, mortgage

27  servicing rights and other credit-related assets. As of June 2023, Bayview manages approximately

28  17.3 billion mortgage-backed Assets Under Management ("AUM").  In 2022, as set forth above,

1   NATIONSTAR dba as MR. COOPER acquired COMMUNITY from BAYVIEW buying the

2   servicing rights to approximately 140,000 residential loans and adding more than 500 employees.

3   ("Community-Cooper") BAYVIEW was initially founded in 1993 and their global headquarters

4   and principal place of business is 4425 Ponce de Leon Blvd, Coral Gables, FL 33146.

5        Plaintiff is informed and believes that Defendant, QUALITY LOAN SERVICES

6   CORPORATION ("QUALITY") is a California corporation with its principal place of business in

7   California.  QUALITY is a multistate non-judicial foreclosure trustee originally formed in

8   California. The California Secretary of State website reports that QUALITY was ultimately

9   "merged out" to a Washington corporation and reports inactivity under their California formation

10   effective January 1, 2023. ("Inactive Date") However, QUALITY was substituted in as trustee

11   and subsequently filed NOD in this matter on or around November 2022, which was prior to the

12   Inactive Date set forth above.

13        Plaintiff is informed and believes that Defendant, SUZETTE WURZ AKA SUZETTE

14   MURPHY is a California resident and is the former owner of the subject property.

15   WURZ/MURPHY currently resides in Pleasanton, California.

16        Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto,

17   FANNIE MAE, officially known as Federal National Mortgage Association, is a government

18   sponsored private corporation that continues to participate in the secondary mortgage market by

19   purchasing mortgages that meet eligibility criteria, packaging them into mortgage-backed

20   securities, selling those securities to investors and investing in mortgage back securities itself. In

21   1968, FANNIE MAE became fully privately owned and relinquished part of its portfolio to its

22   new spinoff, the Government National Mortgage Association known as Ginnie Mae. *(see*

23   *Lightfoot v. Cendant Mortgage Corp,580 U.S (2017).)*

24       On or around February 2022, FANNIE MAE agreed to a \$53 million settlement with 19

25   housing organizations across the nation, resolving allegations that FANNIE MAE marketed and

26   maintained foreclosed homes in predominantly white neighborhoods, while consistently allowing

27   homes in similar major Black and Latino communities to fall into despair. Prior to that, on or

28   around October 25, 2013, CHASE agreed to pay \$5.1 billion to resolve claims that it misled

VERIFIED SECOND AMENDED COMPLAINT

1    FANNIE MAE and Freddie Mac about risky home loans and mortgage securities it sold them

2    before the housing market collapsed. CHASE sold FANNIE MAE and Freddie Mac $33 billion in

3    mortgage securities between 2005 and 2007, according to the Federal Housing Finance Agency.

4    ("FHFA") CHASE reached an agreement to make a $670 million payment to FANNIE MAE in

5    the fourth quarter of 2013 to be released from repurchase liability for certain loans originated

6    from 2000-2008 and agreed to make an additional payment of $1.26 billion to FANNIE MAE

7    over legal claims relating to private label securities that FANNIE MAE purchased.

8          ***Plaintiff has identified DOES 1-4 as follows:***

9          Plaintiff has identified **DOE 1** as Defendant BAM**.**

10         Plaintiff has identified **DOE 2** as Defendant QUALITY.

11         Plaintiff has identified **DOE 3** as Defendant WURZ/MURPHY.

12         Plaintiff has identified **DOE 4** as Defendant FANNIE MAE.

13         Plaintiff is unaware of the true names and capacities of any individuals and/or entities

14   sued herein under the fictitious names DOES 5 to 25, inclusive or, to the extent that the names of

15   such individuals or entities may become known to Plaintiff, and as such Plaintiff cannot state with

16   any certainty that such a Cause of Action lies herein as against such individuals or entities, or

17   Plaintiff is unable to allege the elements of such Cause of Action, at this time, and as such said

18   Defendant are herein named in accordance with the provisions of *(Cal Code of Civil Procedure §*

19   *474).*

20         Plaintiff thereon reserves the right to amend instant Complaint to allege the true names

21   and capacities of such fictitiously named Defendant when the same become known or when it has

22   been ascertained with reasonable certainty that such Cause of Action hereunder can be

23   satisfactorily stated and maintained as against each such fictitiously named individual or entity.

24         Unless otherwise stated herein, Plaintiff is informed, believes and therefore alleges that at

25   all times herein relevant to Defendants and Does 5-25 were the actual and apparent agents of each

26   other and, in doing the things herein alleged, were acting within the scope of their actual and

27   apparent agency and with the knowledge, notification, consent, and ratification of each other.

28

1   Plaintiff is informed and believes and thereon alleges, that in committing certain acts
2   alleged, some or all of the Defendants named were acting as the Agents, Joint Ventures, Partners,
3   Representatives, Subsidiaries, Affiliates, Associates, Successors, Assigns and/or Employees
4   and/or Agents or some or all of the other Defendants, and that some or all of the conduct of such
5   Defendants, as complained of herein, was within the course and scope and agency of such
6   relationship.

7   Defendants, and each of them, at all times herein relevant, regularly engaged, and engage,
8   in business in the County of San Joaquin, State of California, are licensed and authorized to do so,
9   and regularly provide mortgage loans, debt collection and related services. The majority of the
10  transactions and events that are the subject matter of this Complaint occurred within the County
11  of San Joaquin, State of California.

12  At all times mentioned in this Complaint, Plaintiff LEWIS is the real party in interest, a
13  consumer residing in the County of San Joaquin and is the Subject Property owner by way of
14  August 2018 Quit Claim deed of that certain Subject Property. Plaintiff, as a natural person who
15  entered into a contractual agreement with the original and current borrower Suzette Wurz aka
16  Suzette Murphy (hereinafter "Suzette Wurz" or "Wurz/Murphy") is allegedly obligated to pay a
17  consumer debt to Defendants, alleged to have been due and owing, and is therefore both a
18  "consumer" and/or "debtor" pursuant to California *Civil Code §1788.2(h)* of the Rosenthal
19  FDCPA. Defendants are "debt collectors" pursuant to the Rosenthal Act.

20  On or about August 24, 2018, the previous borrower and legal owner, Suzette Wurz,
21  transferred, granted, or otherwise conveyed via a recorded Quit Claim Deed, the real property to
22  Plaintiff. Suzette Wurz had previously taken out a First Deed of Trust and mortgage loan with
23  BEAR STEARNS, the "creditor" and originator of the debt obligation that purportedly placed a
24  collateral security interest upon the real property. This financial obligation involved money,
25  property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural
26  person to another person or entity and is therefore a "debt" pursuant to California *Civil Code*
27  *§1788.2(d),* and a "consumer debt" pursuant to California *Civil Code §1788.2(f).* The transaction
28  is a "debt "or "debt obligation" pursuant to the Rosenthal Act. Wurz/Murphy took this loan out

for personal, family, or household purposes and is therefore a "debt" pursuant to California *Civil Code §1788.2(d)* of the Rosenthal Act.

Plaintiff alleges Defendants are attempting to collect on a debt and have collected $67.700 on said debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of California *Civil Code §1788.2(e)* of the Rosenthal FDCPA.

Because Plaintiff LEWIS is a natural person now allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed is a "consumer debt" within the meaning of California *Civil Code §1788.2(f)* of the Rosenthal FDCPA.

Plaintiff is informed and believes that Defendants are one who regularly collect or attempt to collect debts on behalf of themselves, or due or alleged to be due and owing to others, and are therefore "debt collectors" within the meaning of California *Civil Code §1788.2(c)* of the Rosenthal FDCPA and thereby engages in "debt collection" within the meaning of California *Civil Code §1788.2(b)* of the Rosenthal Act, and is also therefore, a "person" within the meaning of California *Civil Code §1788.2(g)* of the Rosenthal Act.

## V.   **FACTUAL ALLEGATIONS**

On September 21, 2000, Janice Wurz a widow, Antoine Murphy a *single* man and Suzette Wurz a *single* woman purchased the subject property all as joint tenants.

On September 24, 2003, Antoine Murphy, a single man, and Suzette Wurz a single woman, as joint tenants signed a $264,000 promissory note secured by a Deed of Trust with Wilmington Finance. ("Wilmington")

On October 2, 2003, Janice Wurz conveyed her interest in the subject property over to Antoine Murphy and to her daughter Suzette Wurz by way of grant deed, permitting the Wilmington transaction to finalize. On October 9, 2003, the grant deed and the Wilmington Deed of Trust were filed with the San Joaquin County Recorder's Office as set forth in Instrument Numbers 2003-233521 and 2003-233522 respectively.

1        On May 24, 2004, Suzette Wurz as an unmarried woman and Janice Wurz also as an

2 unmarried woman signed a new promissory note for $312,000 secured by a new Deed of Trust

3 against the subject property, this time with New Century Mortgage. ("New Century")

4        On May 26, 2004, Antoine Murphy conveyed his rights to the subject property back to

5 Janice Wurz by way of Individual Grant Deed. This left Suzette and Janice Wurz as the sole

6 owners of the subject property, and the only borrowers subject to the New Century promissory

7 note.  On June 4, 2004, the grant deed and the New Century Deed of Trust were filed with the San

8 Joaquin County Recorder's office as set forth in Instrument Numbers 2004-122980 and 2004-

9 122981 respectively.

10       On August 31, 2004, Antoine Murphy purchased a new property as his primary residence

11 for $350,000 in Pleasanton California. ("Pleasanton House")

12       On June 29, 2005, Suzette Wurz, still vested as an **unmarried** woman and her mother

13 Janice Wurz obtained a $370,000 loan with Argent Mortgage secured by a Deed of Trust against

14 the subject property, whereas the Deed of Trust was filed with the San Joaquin County

15 Recorder's office on July 11, 2005, as set forth in Instrument Number 2005-167098.

16       **On August 25, 2007, Antoine Murphy and Suzette Wurz aka Suzette Murphy were**

17 **married in Dublin, California. [See Exhibits D and E]**

18       On or about October 11, 2007, Suzette Wurz/Murphy and Janice Wurz signed a $417,000

19 promissory note ("Promissory Note") and a Deed of Trust ("DOT"). The DOT lists BEAR

20 STEARNS as the lender, Land Am as the trustee, and Mortgage Electronic Registration Systems,

21 Inc. (MERS) as the beneficiary nominee under the security instrument.

22       The BEAR STEARNS DOT reads in pertinent part: ""Borrower" is Suzette Wurz, an

23 **unmarried** woman…" and "Note means the promissory note signed by Borrower and dated

24 October 11, 2007…the Borrower owes Lender…. $417,000."

25       On or about October 23, 2007, Suzette Wurz and Janice Wurz obtained a consumer loan

26 transaction based upon the October 11, 2007, Promissory Note and Deed of Trust as set forth in

27 Instrument No. #2007-182730, making BEAR STEARNS the original "creditor" "investor"

28 "originator" and lender of record. This financial obligation involved money, property, or their

1    equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another

2    person and is therefore a "debt" pursuant to California *Civil Code §1788.2(d)*, and a "consumer

3    debt" pursuant to California *Civil Code §1788.20*.

4        **Suzette Wurz/Murphy knowingly falsified her marital status when signing the**

5    **October 11, 2007, Bear Stearns promissory note and Deed of Trust, by intentionally**

6    **misrepresenting that she was an "unmarried" woman, when in fact she was married to**

7    **Antoine Murphy at the time. [See Exhibits D and E]**

8        **Suzette Wurz/Murphy fraudulently obtained the $417,000 loan and the fraudulent**

9    **nature was concealed from BEAR STEARNS at the time of signing.**

10       **The Bear Stearns DOT and Promissory Note from October 11, 2007, are void from**

11   **the beginning because the security instrument and promissory note are based on a $417,000**

12   **loan Suzette Wurz/Murphy obtained by fraud and deceit.**

13       Any action for fraud by the beneficiary-lender against the borrower-trustor is not subject

14   to the one action rule.

15       On or about March 16, 2008, BEAR STEARNS collapsed, failed, and was acquired by

16   CHASE.

17        On or about September 8, 2008, FANNIE MAE was placed under conservatorship.

18       ***On January 31, 2016, Janice Wurz passed away.***

19       On or about May 13, 2016, CHASE, offered Suzette Wurz/Murphy a forbearance

20   agreement, but only after she provided them a true and correct copy of Janice Wurz's death

21   certificate.

22       On August 15, 2016, MERS assigned its beneficial interest of the BEAR STEARNS DOT

23   to Defendant CHASE, which was subsequently recorded on August 22, 2016, as set forth in

24   Instrument No. 2016-097895.

25       On or around March 2017, Plaintiff was introduced to the subject property by a friend

26   who was the then-tenant of Suzette Wurz/Murphy. At that time, the subject property was in a

27   significant state of disrepair. The subject property was unlivable.

28

VERIFIED SECOND AMENDED COMPLAINT

1        Sometime between April 2017 and June 2017, Defendant CHASE, presumably as

2  successor to BEAR STEARNS, offered Suzette Wurz/Murphy and Janice Wurz an approved loan

3  modification. However, the "approved" loan modification offer would not become a "finalized"

4  loan modification agreement until on or around December 2017. ("Loan Modification

5  Agreement")

6        On July 11, 2017, **after** CHASE approved but **before** CHASE finalized the Loan

7  Modification Agreement, Chase executed an instrument assigning the BEAR STEARNS DOT

8  ("ADOT") to Defendant COMMUNITY, whereas COMMUNITY was doing business as

9  Bayview Loan Servicing, LLC ("BLS") at that time. The ADOT was recorded on July 20, 2017,

10  as set forth in Instrument No. 2017-080150.

11        On August 24, 2017, despite CHASE'S loan modification approval, BLS sent

12  Suzette/Wurz a document entitled "Notice of Default and Intent to Accelerate" indicating

13  payment was due from October 2016 requiring $27,273.20 to bring the account current.

14        On or about November 2017, BLS presented Suzette Wurz/Murphy with the finalized

15  2017 Loan Modification Agreement. The finalized 2017 Loan Modification Agreement

16  purportedly removed Bear Stearns as the "lender" and **named FANNIE MAE a.k.a. Federal**

17  **National Mortgage Association ("FANNIE MAE") as the "lender" to the materially**

18  **modified debt obligation, which is now irreconcilably different from the Promissory Note.**

19        The 2017 Loan Modification Agreement substantially and ***materially changed*** the terms

20  of the October 11, 2007, Promissory Note as follows: the loan amount, the interest rate, the final

21  maturity date, the monthly payment, the product structure, and certain portions of the loan

22  balance were forgiven and/or deferred until the new final maturity date.

23       *Meanwhile, FANNIE MAE's website instructs that "a modified loan is a loan that was*

24  *legally modified after closing in a way that changed any of the loan terms or attributes reflected*

25  *in the original note. ... loans with material modification, such as changes to the original loan*

26  *amount, interest rate, final maturity date, or product structure are not eligible for delivery to*

27  *FANNIE MAE...None of the changes can be a result of a subsequent modification or amendment*

28

1    *to the original loan amount, interest rate, or other material loan terms. The correction may not*

2    *result in any change to or create any inconsistencies with other legal documents."*

3        The 2017 Loan Modification Agreement was expressly predicated on the BEAR

4    STEARNS 2007 DOT and Promissory Note. As already set forth above, and incorporated fully

5    below, the BEAR STEARNS DOT and Promissory Note signed October 11, 2007, were void

6    from the beginning due to borrower fraud when the $417,000 loan was obtained.

7        On or around December 1, 2017, Defendant Suzette Wurz/Murphy signed the 2017 Loan

8    Modification Agreement in her maiden name of "Suzette Wurz" and failed to correct or clarify

9    her marital status when executing and subsequently delivering the finalized paperwork to BLS.

10   However, BLS did require Wurz/Murphy to provide them with an original certified copy of

11   Janice Wurz death certificate along with the signed 2017 Loan Modification Agreement.

12       On or around December 4, 2017, Jenniger Mignott, Assistant Vice President for BLS

13   acknowledged and accepted the finalized Loan Modification Agreement as signed and submitted

14   by Wurz/Murphy.

15       At no time did CHASE, BLS, or anyone else require Suzette Wurz/Murphy to go through

16   any "successor-in-interest" protocols in connection with the 2017 Loan Modification Agreement.

17       At no time did CHASE, BLS, or anyone else record the 2017 Loan Modification

18   Agreement with the San Joaquin County Recorder's office.

19       At no time did CHASE, BLS or anyone else file an assignment of mortgage with the San

20   Joaquin County Recorder's Office.

21      **Defendant BEAR STEARNS is the undisputed lender of record and the lender of the**

22   **Deed of Trust.  CHASE as the successor to BEAR STEARNS likely has the beneficial**

23   **interest in the note and the subsequently modified loan agreement and thus has an ongoing**

24   **interest in the subject consumer debt obligation.**

25      **In the alternative, FANNIE MAE has no interest of record. FANNIE MAE's failure**

26   **to record its assignment of beneficial interest in the materially modified consumer debt**

27   **obligation renders void any foreclose action against the subject property initiated by**

28   **FANNIE MAE.**

Additionally, the materially changed 2017 Loan Modification Agreement would not meet the eligibility-criteria for FANNIE MAE and therefore was not deliverable to FANNIE MAE. The FANNIE MAE "loan look up feature" instructs that FANNIE MAE is "not a match" as the owner of the loan, which is bolstered by the fact that FANNIE MAE has no interest of record.

FANNIE MAE is being sued for their own action under the alternate theory that BEAR STEARNS was replaced as the "lender" and guarantor by FANNIE MAE based on a loan modification approved, and subsequently finalized by CHASE, FANNIE MAE, BLS and BAM between April 2017 and December 2017.

On August 24, 2018, Plaintiff became the owner of the subject property. Suzette Wurz/Murphy quitclaimed the subject property to LEWIS, thereby making him the legal and equitable owner of a one to four-unit principal residence, and a natural person who occupied the property as his primary residence and the legal owner to such real property.] ("2018 quitclaim deed") [See Exhibits A, B and C]

On August 29, 2018, the signed and notarized quitclaim deed was filed in the San Joaquin County Recorder's Office, as set forth in Instrument Number 2018-096489. [Exhibit A] The quitclaim deed identifies "Suzette Wurz, a **married** person" as "THE GRANTOR" and "Milo Lewis, a single person, residing at the subject property" as the "GRANTEE."

The 2018 quitclaim deed goes further to state that: "*Grantor does hereby convey, release and quitclaim all of the Grantor's rights, title and interest in and to the above described property and premises to the Grantee(s), and the Grantee(s) heirs and assigns forever, so that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof. Grantor further declares that the debt on the property in this conveyance is more than the value of the property.*"

Plaintiff knew the subject property was negative in equity at that time of purchase. Plaintiff moved forward with the purchase because his daughter's school was in walking distance from the home, and he purposed the subject property for his primary residence. Plaintiff also moved forward because he trusted and relied on Wurz/Murphy's representations that she would

1    carry the financing. Plaintiff spent substantial personal funds on the rehabilitation and

2    maintenance of the subject property several months prior to the transfer of ownership in August

3    2018. [Exhibit A]

4    **Suzette Wurz/Murphy failed to notify Plaintiff that the 2007 Bear Stearns**

5    **Promissory Note was based upon debt she acquired during her marriage to Antoine**

6    **Murphy. Further, Wurz/Murphy concealed the fact that she intentionally falsified her**

7    **marital status on October 11, 2007, when signing the Promissory Note and Deed of Trust to**

8    **obtain the $417,000 loan.**

9    **Suzette Wurz/Murphy did not inform Plaintiff that FANNIE MAE was the "lender"**

10   **and/or guarantor of the subject debt.**

11   **Defendant BEAR STEARNS as the lender of the DOT, and CHASE as their**

12   **successor, is consistent with Plaintiff's knowledge, information and belief, and is also**

13   **consistent with the public record at the San Joaquin County Recorder's Office from**

14   **October 11, 2007, to the present.**

15   Considering Wurz/Murphy agreed to carry the financing, and Plaintiff agreed to pay the

16   payments on that carried financing, Suzette Wurz/Muphy signed an agreement authorizing

17   Plaintiff's third-party access so that he could make the payments directly to BLS.  On or around

18   September 2018, Plaintiff and Suzette Wurz contacted and informed BLS of the transfer of

19   ownership and that Plaintiff was authorized by Wurz/Murphy to make the payments directly to

20   them. Plaintiff made all the payments over the phone and directly to BLS with his personal funds.

21   BLS did not express they had any problem or concern with the agreement. BLS did represent that,

22   for reasons unrelated to Plaintiff, a loan assumption was something that could not be considered

23   at that time.

24   On or around November 30, 2018, Suzette Wurz/Murphy emailed Plaintiff informing him

25   that she and Antoine Murphy agreed to an amicable divorce. [See Exhibit F]

26   On January 7, 2019, Wurz/Murphy emailed Plaintiff inquiring if he could update the

27   mailing address so that all correspondence from BLS would be mailed to the subject property

28   instead of her then-home address. [See Exhibit F]

On February 28, 2019, Suzette Wurz/Murphy emailed Plaintiff again, this time seeking his perspective about her divorce disclosures. While doing so, Suzette Wurz/Murphy represented that she knew it would **not** be false if she were to leave the subject property off her disclosures and that she knew the loan debt was still in her name. [See Exhibit F]

On March 1, 2019, Suzette Wurz/Murphy emailed Plaintiff once more, this time asking him to review the preliminary financial divorce disclosures between her and Antoine Murphy. [See Exhibit F] Suzette Wurz/Murphy's preliminary disclosures revealed that she did not own the subject property or any other real estate. Antoine Murphy's preliminary disclosures also showed that Suzette Wurz/Murphy did not own any real estate property. Antoine Murphy's preliminary disclosures listed the Pleasanton House acquired in August 2004 as his sole and separate property. Both sets of preliminary disclosures listed Suzette Wurz/Murphy had more than $100,000 in a retirement account, as well as various other assets and debts.

On or around March 20, 2019, Suzette Wurz/Murphy and Antoine Murphy entered into a Marriage Settlement Agreement ("Murphy MSA") which they filed with the Alameda County Superior Court as part of a proposed judgment for dissolution. In the Murphy MSA, both Antoine and Suzette Murphy waived any right to service of final disclosure of financial information pursuant to California Family Code section 2105. [see Exhibit D]

Further, the Murphy MSA contained a hold harmless provision which states, "Each party shall hold the other party harmless from any collection action relating to the liabilities set forth above, including reasonable attorney fees and costs incurred in defending against any attempts to collect an obligation of the other party." The Murphy MSA omits any and all financial information by mischaracterizing the nature and division of marital property and community liabilities as "none" before the Alameda County Superior Court. [See Exhibit D]

On or around July 23, 2019, Suzette Wurz/Murphy emailed Plaintiff asking him for help in reviewing her daughter's student loans. [See Exhibit F] On or around July 31, 2019, Murphy's proposed judgment for dissolution was rejected by the Alameda County Superior Court, requiring revision and resubmission at a later date.

1     **Throughout July 2019, Plaintiff and Suzette Wurz/Murphy had a cordial, friendly**

2 **and peaceful relationship without any professed concern, confusion, or controversy about**

3 **each other or their agreement.**

4     On or about September 2019, COMMUNITY, doing business as "BLS" intentionally

5 interfered with Plaintiff's right to make the payments on the subject debt by refusing to accept his

6 payments. ("2019 Bank Interference") While BLS was the overt actor during the 2019 Bank

7 Interference, their co-conspirators at that time were BAM and the lender. ("Conspiracy

8 Formation") As to the identification of the "lender" during the 2019 Bank Interference, that

9 lender is identified as CHASE as successor to BEAR STEARNS, or in the alternative, FANNIE

10 MAE as the successor lender by way of the 2017 Loan Modification Agreement with CHASE, or

11 in the second alternative, DOES 5-25. ("Lender")

12     At the time of the 2019 Bank Interference and after, Plaintiff had no knowledge and no

13 reason to suspect Defendants CHASE, BLS, BAM and/or FANNIE MAE of interfering with his

14 contract with Defendant Wurz/Murphy. During September 2019 and after, Plaintiff was in direct

15 communication with BLS renotifying BLS of his ownership of the subject property and expressed

16 that he was willing, able, and ready to to make the payments in September 2019 and beyond, just

17 as he had been doing up to that point.

18     BLS deceitfully led Plaintiff to believe that Suzette Wurz/Murphy was the sole cause for

19 why BLS refused Plaintiff's payments. BLS assured Plaintiff they understood his request for help

20 and clarifying guidance. BLS told Plaintiff they would investigate the matter and get back to

21 Plaintiff with a proposed resolution. Plaintiff trusted BLS and relied on their representation.

22 Plaintiff perceived BLS was the proper and safe place to ask for help and clarifying guidance at

23 that time. However, Plaintiff's trust in BLS was sorely misplaced. As set forth above and further

24 below, BLS was **not** a safe place to ask for help and clarifying guidance.

25     On or about September 6, 2019, BLS and/or BAM mailed Suzette/Wurz Murphy a copy

26 of the 2007 Bear Stearns Deed of Trust and the 2018 Quitclaim Deed. Therefrom BLS and BAM

27 engaged Wurz/Murphy in further discussion about her transfer of the subject property to Plaintiff

28 a year earlier, as well as her then-active divorce proceedings in Alameda County. **Following**

1  **those discussions, Suzette Wurz/Murphy emailed BLS and BAM explicitly instructing them**
2  **that she still authorized Plaintiff to make the monthly payments on the subject debt directly**
3  **to BLS as he had been doing**.

4  BLS responded to Suzette Wurz/Murphy by informing her that Plaintiff would no longer
5  have access to her personal information but that "anyone" could make a payment. **However, that**
6  **representation was false. BLS made it clear to Plaintiff after September 6, 2019, that he was**
7  **specifically disallowed from making payments to them.**

8  On September 30, 2019, Suzette Wurz/Murphy emailed Plaintiff representing that
9  "According to Bayview Bank" Plaintiff purportedly did not "purchase/secure a loan to complete"
10  his agreement with Wurz/Murphy. The purported information was false. The email further stated
11  that based on information she received from "Bayview Bank" Wurz/Murphy was arbitrarily and
12  immediately instituting a self-imposed 45-day acceleration for Plaintiff to "secure loan or
13  monies" or else she would "take further steps with Bayview to relieve [her] financial
14  responsibilities."

15  Between September 30, 2019, and November 8, 2019, Lewis and Wurz/Murphy
16  exchanged a handful of emails, in which Suzette Wurz/Murphy continued to attribute her change
17  in conduct and communication to what "Bayview said" to her.

18  As of September 2019, Wurz/Murphy refused to communicate with Plaintiff over the
19  phone as they did in the past and after November 8, 2019, Wurz/Murphy refused to communicate
20  with Plaintiff at all. Wurz/Murphy indicated that she "chose to distance" herself from "any future
21  interactions or dealings" with Plaintiff, because Defendants led her to believe "Mr. Lewis failed
22  to uphold his commitment by discontinuing payments after September 2019."

23  However, the real reason why the payments were not made effective September 2019 is
24  because BLS, BAM, CHASE and/or FANNIE MAE ("BBCF") conspired to intentionally
25  interfere with Plaintiff's right and ability to make the payments, even though this went against the
26  explicit instructions of their borrower.

27  **The purported evidence of default effective September 2019 is disputed as both**
28  **forced and falsified, in that the purported default was improperly created by BBCF and the**

1 **lender when they fraudulently interfered and manufactured a "breach" of the subject debt**
2 **obligation.**

3        On or around September 2019, BBCF violated their duty of care specific to the legal
4 "obligation that every person is bound without contract to abstain from injuring the person or
5 property of another or infringing upon any of his rights." (Sec. 1708, Civ. Code)

6        BBCF irreparably disrupted the contractual relationship between Plaintiff and Suzette
7 Wurz/Murphy ("non-strangers") and carried out this disruption in a way that caused
8 Wurz/Murphy and Plaintiff to blame each other for BBCF's unsuspecting interference. Both
9 Wurz/Murphy and Plaintiff, as members of the public were deceived by BBCF.

10        On or around January 2020 and thereafter, Defendant Suzette Wurz/Murphy agreed to
11 conspire with BLS and BAM, to fraudulently force Plaintiff's home into non-judicial foreclosure
12 proceedings, by breaching and repudiating her third-party agreement.

13        On January 6, 2020, Milena Betancourt, as State Declaration Processor and authorized
14 agent for BLS, signed the "Declaration of Mortgage Servicer" declaring that "The mortgage
15 servicer has contacted the borrower pursuant to California Civil Code 2923.55(b)(2) to "assess
16 the borrower's financial situation and explore options for the borrower to avoid foreclosure" and
17 that "Thirty (30) days, or more, have; passed since the initial contact was made." [see Exhibit G]

18        On March 11, 2020, the World Health Organization declared COVID-19 a worldwide
19 pandemic. ("Pandemic Date")

20        On March 11, 2020, or thereabouts, Defendant TRUSTEE CORPS was substituted in as
21 foreclosure trustee. [see Exhibit H]

22        **TRUSTEE CORPS was wrongfully substituted in as trustee pursuant to CCP**
23 **§2934(a)1(A) because TRUSTEE CORPS and BLS were knowingly not authorized by the**
24 **Lender under the Deed of Trust aka the Lender of Record.**

25        On March 18, 2020, The COVID-19 Pandemic resulted in the imposition of a statewide
26 and nationwide foreclosure moratorium, with an extended moratorium in California. The
27 moratorium lasted throughout 2021 with FANNIE MAE's government-backed mortgages.

28

1    Sometime after March 18, 2020, BLS represented to Plaintiff that the demands of the
2    pandemic required all their attention and that any proposed resolution to Plaintiff's standing
3    request for help and clarifying guidance was on hold indefinitely because of the demand triggered
4    by the COVID crisis. Plaintiff still trusted BLS's representations to him at this time and still
5    erroneously perceived they were operating in good faith and were a safe place to seek clarifying
6    guidance.

7    On September 16, 2020, Bayview Loan Servicing, LLC ("BLS") filed a Certificate of
8    Amendment with the Secretary of State of Delaware, changing its name to Community Loan
9    Servicing, LLC. ("Amendment") This Amendment was approved with an effective date of
10   September 28, 2020. This Amendment was in connection to an agreement between Defendant
11   BAM to sell COMMUNITY to Defendant Mr. Cooper.  It is likely that from September 28, 2020,
12   and after, Defendant Mr. Cooper and Defendant BAM shared jointly in the decision making, acts
13   and omissions specific to COMMUNITY and specific to the subject property and the subject
14   debt.

15   **On September 29, 2020, Antoine Murphy and Suzette Murphy finalized their**
16   **divorce. [see Exhibit D]**

17   On or before **July 31, 2021**, Defendants BAM, COMMUNITY, TRUSTEE CORPS,
18   NATIONSTAR, FANNIE MAE AND DOES 5-25 ("These Defendants") knew but actively hid
19   and suppressed that they knew the following information:

20   **A.**    These Defendants knew that Plaintiff was the owner of the subject property
21          effective August 2018.

22   **B.**    These Defendants knew that the lender of record/lender of the deed of trust, did
23          not authorize the foreclosure proceedings that subsequently took place in
24          September 2021 and November 2022.

25   **C.**    These Defendants knew that FANNIE MAE did not and does not have any interest
26          of record.

27   **D.**    These Defendants knew that the 2017 loan modification substantially and
28          materially changed the terms of the October 11, 2007, loan.

VERIFIED SECOND AMENDED COMPLAINT

**E.**   These Defendants knew that Wurz/Murphy fraudulently and knowingly falsified her marital status to obtain the original $417,000 loan as well as the fact that the loan was actually acquired during Wurz/Murphy marriage which was effective August 25, 2007.

**F.**   These Defendants knew that Plaintiff was not related to Suzette and Janice Wurz, and that neither Plaintiff nor Wurz/Murphy ever represented that he was "successor" to Janice Wurz.

**G.**   These Defendants knew that Suzette Murphy and Antoine Murphy finalized their divorce on September 29, 2020, and that they omitted all financial information in their divorce proceedings and paperwork.

On September 20, 2021, COMMUNITY published a substantially pre-dated substitution of trustee ("SOT") with the San Joaquin County Recorder's Office naming Defendant MTC Financial Inc. dba TRUSTEE CORPS ("TRUSTEE CORPS") as the trustee. The SOT shows TRUSTEE CORPS was substituted in as foreclosure trustee approximately two years prior, on March 11, 2020, as set forth in instrument number 2021-157438. ("TRUSTEE CORPS SOT") [Exhibit H]

The SOT reflects that Defendant "BLS" assigned TRUSTEE CORPS in March of 2020, *more than 650 days prior* to the September 2021 recording of the SOT and subsequent NOD with the San Joaquin County Recorder's Office. Defendants have no legal justification for the SOT being recorded with the San Joaquin County Recorder's Office more than twenty-one months after the assignment of TRUSTEE CORPS was executed and confirmed.  Moreover, the Amendment set forth above states Defendant BAM was no longer doing mortgage servicing business as "BLS" effective September 28, 2020.

It is likely that BLS's handwritten assignment date of March 11, 2020, as indicated on the TRUSTEE CORPS SOT, was fraudulently backdated to ostensibly give the appearance that TRUSTEE CORPS was substituted in prior to March 18, 2020.  Plaintiff alleges TRUSTEE CORPS was substituted in as foreclosure trustee sometime *after* March 18, 2020, and therefore *after* the moratorium on all foreclosure activity was in effect.

1    Defendant TRUSTEE CORPS was wrongfully substituted in as trustee pursuant to CCP
2  §2934a(a)1(A) because neither TRUSTEE CORPS nor COMMUNITY were authorized by the
3  Lender under the Deed of Trust. ("DOT") TRUSTEE CORPS knew the lender under the deed of
4  trust did not authorize them as foreclosure trustee, but they accepted the wrongful assignment
5  anyway.

6    TRUSTEE CORPS SOT opens by proclaiming: "WHEREAS SUZETTE WURZ, AN
7  **UNMARRIED** WOMAN…was the original Trustor…under that **certain** Deed of Trust dated
8  **October 11, 2007**, and recorded on **October 23, 2007**, as Instrument No. 2007-182730 of official
9  records…" [See Exhibit G] (**emphasis added**.)

10    On September 17, 2021, TRUSTEE CORPS executed and subsequently on September
11  21, 2021, recorded a Notice of Default, (hereinafter referred to as NOD) against Plaintiff's subject
12  property, alleging Wurz/Murphy's debt obligation was in default in the amount of $52,391.65.
13  The NOD was filed on September 21, 2021, as set forth in Instrument No. 2021-158889. The
14  NOD was addressed to Plaintiff as the homeowner of the subject property.

15    This NOD was filed in violation of, at least, CCP §2924(a)(1)(A-D), §2924(a)(6),
16  §2924(b) and §2924.17(a)(b).

17    TRUSTEE CORPS recorded the NOD while knowing the purported "evidence of default"
18  effective September 2019 was falsified, manufactured, and provided to them in bad faith by
19  COMMUNITY. Defendant TRUSTEE CORPS knowingly violated at least §2924(a)(1), §2924(b)
20  and §2924.17(a)(b) in bad faith as well as in reliance on information provided in bad faith from
21  Defendant COMMUNITY.

22    TRUSTEE CORPS knowingly performed bad faith acts and made bad faith errors
23  pursuant to §2924 et seq. when recording the September 2021 NOD knowing they did not have
24  the legal authority to do so and while also knowing that the alleged default was based on
25  inaccurate, incompetent, and unreliable information erroneously ascertained from
26  COMMUNITY's Mortgage Servicer Declaration executed on January 6, 2020, *more than 700*
27  *days* prior to recordation of the NOD with the San Joaquin County Recorder's Office. [Exhibit G]

28

1   For the reasons alleged as set forth above and further alleged as set forth below,

2   Defendant TRUSTEE CORPS, along with the other defendants, committed fraud and violated

3   California Business and Professions Code §17200 et. seq., §2924 et seq., and §2924.17 during the

4   foreclosure process.

5   **TRUSTEE CORPS, along with the other Defendants, did not have the authority to**

6   **execute, and subsequently publish the September 2021, NOD and yet nonetheless did so**

7   **without the requisite authority. TRUSTEE CORPS, along with the other defendant,**

8   **engaged in acts to initiate foreclosure knowing they did not have the authority to do so,**

9   **knowing the DOT and promissory note were void, and knowing they were not an**

10  **authorized agent of the lender with the beneficial interest.**

11  **TRUSTEE CORPS filed the NOD while acting outside the scope of authority**

12  **designated by the holder of the beneficial interest. The lender of record did not authorize or**

13  **assign TRUSTEE CORPS nor COMMUNITY to proceed with any foreclosure action.**

14  **Alternatively, TRUSTEE CORPS along with the other defendants, knew that FANNIE**

15  **MAE did not and still does not have an interest of record.**

16  **TRUSTEE CORPS lacked reasonable grounds for belief in the truth of their own**

17  **NOD publication and acted in reckless disregard of Plaintiff's rights. Based on the facts set**

18  **forth above, and further facts set forth below, Defendant TRUSTEE CORPS went beyond**

19  **its role as trustee and is liable for its conduct in violating state law.**

20  **TRUSTEE CORPS does not have immunity and is not protected by trustee privilege**

21  **based on the facts alleged herein. This factual allegation rebuts any presumption that**

22  **TRUSTEE CORPS has immunity and/or is privileged.**

23  On October 4, 2021, immediately after being served with the NOD, Plaintiff wrote to

24  COMMUNITY, requesting validation of the debt and assistance with some form of resolution in

25  the matter. Plaintiff escalated his request to and through the Consumer Financial Protection

26  Bureau ("CFPB"). Plaintiff's letter states in pertinent part: "*I am asking for assistance from*

27  *Community Loan Servicing LLC fka as Bayview Loan Servicing including any assistance that is*

28  *available due to…COVID-19 relief… I am not sure how a notice of default is the first*

1  *communication I receive in over two years, demanding a full lump sum or I lose my home, when I*

2  *was not allowed to make payments on or around this time in 2019."*

3  On October 7, 2021, in response to Plaintiff's escalation letter, COMMUNITY assigned

4  Case Number W-5510 and provided a letter to Plaintiff and the CFPB acknowledging Plaintiff's

5  request. On or about October 14, 2021, Plaintiff sent a response to COMMUNITY

6  acknowledging receipt of their correspondence and expressed relief that their letter *"makes plain*

7  *that Community Loan Servicing LLC intends to provide some resolution as soon as possible."*

8  Plaintiff also informed COMMUNITY that he had recently paid the due property taxes in the

9  prior month and reiterated that the Subject Property was his primary residence and that his intent

10  was to keep his home. **Plaintiff was experiencing emotional distress.**

11  On or about November 21, 2021, Plaintiff received a written response from

12  COMMUNITY, dated November 17, 2021, stating amongst other things, that *"We thank Mr.*

13  *Lewis for **notifying** Community Loan Servicing... that a **possible** transfer of ownership has*

14  *occurred"* and *"... it is our understanding that he (plaintiff) requests to be reviewed as a possible*

15  *Successor in Interest ("SII") through our internal SII review process... once we have confirmed*

16  *his (Plaintiff's) status as Successor-in-Interest, we will gladly discuss any loan status and/or the*

17  *status of the account with him."* The letter also states in pertinent part, *"...please note that if Mr.*

18  *Lewis does not meet the definition of Successor In Interest, he will need to assume the loan... We*

19  *can provide a loan assumption package at **any time**, but one will be sent if our SII review process*

20  *is unable to confirm him as Successor In Interest to the original borrower."* ("November 17,

21  2021, Response") [See Exhibit I]

22  On November 30, 2021, Plaintiff filed legal action, in pertinent part, because Plaintiff

23  thought it was unconscionably negligent, unfair and fraudulently deceptive for COMMUNITY to

24  intentionally misrepresent to Plaintiff and the CFPB, that Plaintiff was *for the first time*

25  *"notifying" them that "a possible transfer of ownership has occurred."* **Defendant**

26  **COMMUNITY fka Bayview Loan Servicing LLC, was notified of the actual transfer of**

27  **ownership in September 2018, September 2019, January 2020 and on various other**

28  **occasions before, between and after those dates.**

1    When Plaintiff filed the legal action as set forth above, he identified himself as *"MILO*

2    *DANTE LEWIS, as SUCCESSOR-IN-INTEREST TO SUZETTE WURZ"* because Plaintiff relied

3    upon the representations COMMUNITY LOAN SERVICING made to him and to the CFPB in

4    the written correspondence professing *"it is our understanding that he (LEWIS) requests to be*

5    *reviewed as a possible Successor in Interest ("SII") through our internal SII review process...*

6    *once we have confirmed his (Plaintiff's) status as Successor-in-Interest, we will gladly discuss*

7    *any loan status and/or the status of the account with him."* [see Exhibit J]

8    **From October 4, 2021, through January 2022, COMMUNITY did not genuinely**

9    **attempt to determine if Plaintiff was a successor in interest, they just acted like they were**

10   **going to, in bad faith, so they could delay and misled Plaintiff and the CFPB into believing**

11   **they were operating in good faith, while they were unfairly delaying time so that the 90-day**

12   **post-NOD period would expire allowing them to file a NOTS against Plaintiff's home.**

13   On or about January 5, 2022, COMMUNITY provided Plaintiff a blank loan assumption

14   package. On or around that same time, TRUSTEE CORPS executed, and subsequently recorded a

15   Notice of Trustee Sale of the subject property scheduled for January 24, 2022 ("NOTS").

16   TRUSTEE CORPS did not have the legal authority to file the NOTS but did so anyway without

17   the requisite authority. TRUSTEE CORPS NOTS was filed as part of a conspired debt collection

18   scheme with the other defendants to extract money from Plaintiff to pay Wurz/Murphy's debt

19   obligation, even though they had no authority to require Plaintiff to do so.

20   The Defendants debt collection scheme called for COMMUNITY and TRUSTEE CORPS

21   to threaten Plaintiff with a non-judicial foreclosure sale of his property and require Plaintiff to

22   tender $67,676.78 towards Wurz/Murphy's subject debt obligation in exchange for a right to

23   assume the debt obligation by way of contract of adhesion. Plaintiff assented to the scheme while

24   under duress of an illegal non-judicial foreclosure sale. In the alternative, Plaintiff would lose his

25   home based on the illegal non-judicial foreclosure sale.

26   **On or about January 11, 2022, under the pressure of the debt collection scheme**

27   **discussed above, Plaintiff tendered $67,700 to TRUSTEE CORPS.** [see Exhibit K] Plaintiff

28   paid the $67,700 on the Wurz/Murphy debt obligation because the Defendants represented to

1   Plaintiff that he was **required to tender** the full reinstatement amount in order to give them the

2   requisite time needed to approve the assumption package. This was an untrue, unfair, and

3   deceptive representation because COMMUNITY intentionally waited to send Plaintiff the

4   assumption package approximately 100 days after receiving his October 4, 2021 letter, as

5   evidenced by COMMUNITY's November 17, 2021, correspondence. [Exhibit I]

6   TRUSTEE CORPS, as well as the other defendants, debt collection of $67,700 from

7   Plaintiff, knowing they did not have the requisite authority to do so, was done in bad faith.

8   Additionally, TRUSTEE CORPS and BLS falsified that Plaintiff was "successor to the estate" of

9   Janice Wurz, as part of the scheme to unfairly collect the $67,700 from Plaintiff.

10   **TRUSTEE CORPS was NOT acting within the scope of a foreclosure trustee's**

11   **duties, when collecting $67,700 from Plaintiff, a non-borrower, in exchange for a loan**

12   **assumption agreement negotiated under the threat of an invalid NOTS.**

13   **TRUSTEE CORPS knew Plaintiff was not the borrower and they also knew Plaintiff**

14   **was not an authorized third party to the borrower at that time. TRUSTEE CORPS and the**

15   **other defendants had no justifiable reason for collecting the $67,700.**

16   From March 2020 through at least January 2022, TRUSTEE CORPS engaged in **much**

17   **more** than non-judicial foreclosure proceedings. Plaintiff is attempting to hold TRUSTEE

18   CORPS liable for their own conduct, actions and omissions taken outside the scope of their

19   ministerial duties as foreclosure trustee.

20   On or around January 13th, 2022, after making sure the $67,700 payment was received by

21   TRUSTEE CORPS Plaintiff submitted the loan assumption package to COMMUNITY in

22   connection with their agreement. Plaintiff was told by COMMUNITY that the assumption

23   process would take several months before completion. [Exhibit L]

24   On or around January 28, 2022, after collecting $67,700 from Plaintiff, TRUSTEE

25   CORPS issued a recission of the September 2021 NOD. However, the recission of the September

26   2021 NOD did not cure the damages inflicted by TRUSTEE CORPS and the other Defendants,

27   by unlawfully collecting $67,700 from Plaintiff.

28

1       On or around March 22, 2022, NATIONSTAR dba Mr. Cooper signed a definitive

2  agreement to acquire COMMUNITY and assume the servicing of approximately 140,000

3  residential mortgage loans and 500 employees. This acquisition included the subject debt in this

4  matter.

5       On or around June 2022, NATIONSTAR's acquisition of COMMUNITY was complete,

6  however BAM retained COMMUNITY on its operating and management platform as part of the

7  acquisition agreement.

8       On or around July 8, 2022, COMMUNITY executed an ADOT, assigning its purported

9  interest to NATIONSTAR, as recorded on July 25, 2022, and set forth in Instrument No. 2022-

10  089126. [Exhibit M]

11       Defendants BAM, COMMUNITY and NATIONSTAR failed to process the assumption

12  package and whether intentionally or negligently, pocketed Plaintiff's $67,700, **significantly**

13  **elevated Plaintiff's emotional distress.**

14       On November 03, 2022, QUALITY was substituted in as trustee as recorded on that same

15  date as set forth in instrument 2022-125932. [see Exhibit N]

16       **QUALITY was wrongfully substituted in as trustee pursuant to CCP §2934a(a)1(A)**

17  **because QUALITY was not authorized by the Lender under the Deed of Trust. ("DOT")**

18  **QUALITY knew the lender of record did not authorize them as the foreclosure trustee and**

19  **that the lender of record did not assign NATIONSTAR either.**

20       On or around November 15, 2022, QUALITY executed and subsequently recorded a

21  Notice of Default, against Plaintiff's property, alleging that the first mortgage loan was in default

22  in the then-amount of $26,111.85. ("2022 NOD") NATIONSTAR attached a "California

23  Declaration of Compliance" declaring that they were unable to contact Wurz/Murphy pursuant to

24  *California Civil Code §2923.55* and that *California Civil Code* §3273.10 purportedly did not

25  apply because the borrower did not request a COVID-19 hardship related forbearance. [also see,

26  Exhibit N]

27       The 2022 NOD was based on bad faith information provided to QUALITY from

28  NATIONSTAR in violation of §2924 et seq. and §2924.17. Furthermore, NATIONSTAR and

1   QUALITY did not have the requisite authority to file the 2022 NOD, however they initiated
2   foreclosure proceedings anyway.

3        NATIONSTAR'S SOT and QUALITY's NOD were invalid from the beginning because
4   in addition to not having the authority to start foreclosure proceedings, the SOT and NOD were
5   based on the invalid BEAR STEARNS Promissory Note and Deed of Trust from 2007 and
6   subsequently the invalid Loan Modification Agreement from 2017.

7        Defendant QUALITY knew that they did not have the authority to file the November
8   2022 NOD, however they did so anyway.  NATIONSTAR is not an authorized agent of the
9   holder of the beneficial interest, because CHASE, as the successor lender of record, has not
10  authorized any foreclosure action.

11       Alternatively, FANNIE MAE and DOES 5-25 have no interest of record and their failure
12  to record its beneficial interest renders the foreclosure action void pursuant to at least Cal. Civ.
13  Code §2932.5. (see "In re Cruz, (August 11, 2011) 457 B.R. 806)

14        In or around November 2022 NATIONSTAR and QUALITY informed Plaintiff that
15  they knew he was the owner of the subject property, but that he could not reinstate the loan
16  purportedly because his property was in California.

17        In January 2023 NATIONSTAR informed Plaintiff that they failed to identify the
18  $67,700 payment made to COMMUNITY in January 2022, failed to identify the loan assumption
19  agreement Plaintiff made with COMMUNITY in exchange for that $67,700 and failed to identify
20  the assumption package Plaintiff submitted to COMMUNITY.

21       In or around December 2022 NATIONSTAR informed Plaintiff that based on their
22  records, they believed that Janice Wurz was the "living" borrower even though they already knew
23  or should have known, as stated above, that Janice Wurz passed away approximately seven years
24  earlier, and that Defendant Suzette Wurz/Murphy was the living borrower as confirmed by the
25  2017 Loan Modification and the 2018 quitclaim deed.

26       On or around December 8, 2022, NATIONSTAR sent correspondence stating that they
27  could not establish Plaintiff's interest in the property, even though they recognized Plaintiff as the
28  current owner in correspondence just days earlier.

1    On January 30, 2023, Plaintiff filed an original complaint against Suzette Wurz/Murphy in

2    state court.

3    On February 8, 2023, Plaintiff filed the original complaint in this matter, also in state

4    court.

5    On or about March 7, 2023, Suzette Wurz/Murphy filed an answer to Plaintiff's

6    complaint, representing, amongst other things that *"...I was surprised to receive a foreclosure*

7    *notice for the property at 1471 Greenwillow because I believed Mr. Lewis was paying the*

8    *mortgage payments or assumed the loan per our agreement*."

9    On or about March 8, 2023, NATIONSTAR informed Plaintiff that after an internal

10   investigation, he was *confirmed* as successor in interest on the subject account even though

11   Plaintiff never represented that he was related to Suzette Wurz or Janice Wurz and never

12   represented he was, nor applied to be considered as a successor in interest.

13   On or about March 11, 2023, Plaintiff sent correspondence to NATIONSTAR requesting

14   clarification of the criteria they used to establish him as "confirmed" successor in interest stating

15   in pertinent part: *"The goal of this correspondence is to make sure I am not gaining any unfair*

16   *advantages or unfair disadvantages based upon an SII confirmation that appears to be based on*

17   *erroneous findings."*

18   On April 24, 2023, Plaintiff timely filed an objection to Defendant TRUSTEE CORPS

19   declaration of nonmonetary status. ("Objection") **When there is a timely objection to the**

20   **declaration, the trustee is required to participate in the action pursuant to Cal. Civ. Code.**

21   **§2924l.**

22   **Plaintiff incorporates the Objection in its entirety into this Complaint and herein**

23   **realleges everything declared in that Objection. The Court can take judicial notice of the**

24   **Objection.**

25   On or around June 1, 2023, NATIONSTAR published a blog that states in pertinent part:

26   "Mr. Cooper is your mortgage servicer...Since the majority of Mr. Cooper loans are owned by

27   FANNIE MAE and Freddie Mac...there is a good chance your loan is owned by one of these

28

1  investors." However, the FANNIE MAE "Loan Lookup Tool" available online indicates that
2  FANNIE MAE is **"not a match"** as owner of the subject debt obligation.

3      On or about July 2023, Suzette Wurz/Murphy and Plaintiff began participating in the
4  discovery process as required in the state court proceedings. ("State Court Discovery") During the
5  State Court Discovery, Plaintiff discovered, amongst other things, that Defendant Wurz/Murphy
6  published false defamatory statements about him as further explained and set forth below.

7      Plaintiff now files this Verified Second Amended Complaint.

## VI.  BACKGROUND OF THE CONTROVERSY

9      On or around September 2019, Defendants BAM and COMMUNITY conspired with
10  FANNIE MAE, (hereinafter collectively referred to as "Bank") to fraudulently interfere with the
11  third-party contract between Plaintiff and their borrower, Suzette Wurz/Murphy. This interference
12  deprived Plaintiff of his express right to make payments directly to the mortgage servicer, thereby
13  depriving Plaintiff the right to ensure no breach of the subject debt obligation occurred.
14  ("Interference") The Bank suppressed three material facts they knew at the time of the
15  Interference: (1) that Wurz/Murphy conveyed title of the subject property to Plaintiff in August of
16  2018, (2) that Wurz/Murphy and Plaintiff had a third-party agreement conferring Plaintiff the
17  right to make payments directly to the mortgage servicer and (3) that an unrecorded loan
18  modification from 2017 materially modified the subject debt. ("Concealment")

19      In an effort to regain control of their perceived pecuniary interest in the subject property,
20  the Bank conspired to interfere and conceal what they knew and when they knew it. The
21  conspiracy formed on or around September 2019 as set forth above ("Conspiracy") was unfairly
22  and unlawfully set in motion by the Bank, in retaliation against Plaintiff and Wurz/Murphy for
23  the August 2018 transaction transferring ownership of the subject property.

24      Following the Bank's Interference, Defendant Suzette Wurz/Murphy joined the
25  conspiracy *quid pro quo* agreeing to force Plaintiff's home into non-judicial foreclosure
26  proceedings. Like the Bank, Wurz/Murphy knew Plaintiff was the owner of the subject property,
27  knew foreclosure would cause Plaintiff irreparable harm and emotional distress, and knew this
28  would breach the third-party contract. *The conspiracy was thwarted by COVID.*

1          Faced with the federal imposition of a mandatory moratorium on all foreclosure activity,

2    the Bank was required to recalculate their Conspiracy. Defendant TRUSTEE CORPS was

3    substituted in by the Bank as part of their recalculated Conspiracy. On or around March 2020,

4    TRUSTEE CORPS joined the Conspiracy.

5          From September 2019 through January 2022, Defendants COMMUNITY and TRUSTEE

6    CORPS were the overt actors forcing default, manufacturing breach, executing and recording

7    non-judicial foreclosure instruments against the subject property without the requisite authority to

8    do so and collecting $67,700 from Plaintiff in a debt collection scheme that fraudulently violated

9    the Rosenthal Act and Business and Professions Code §17200. Behind the scenes, was FANNIE

10   MAE as the purported lender, controlling and directing the Conspiracy while unfairly and

11   deceptively shielding themselves from public scrutiny.

12         Defendant TRUSTEE CORPS has operated outside of their statutory scope as foreclosure

13   trustee. As set forth above, TRUSTEE CORPS engaged in **much more** than non-judicial

14   foreclosure proceedings and Plaintiff seeks to hold TRUSTEE CORPS accountable for damages

15   caused by their alleged fraudulent and deceitful conduct. "A trustee that is guilty of fraud or

16   deceit does not act in good faith." *(see Smith v Quality Loan Serv. Corp., (2012 E.D.) Civ S-11-*

17   *2108 KJM-EFP )* TRUSTEE CORPS is being sued for their conduct, acts and omissions between

18   March 2020 and November 2, 2022.

19         Plaintiff has paid approximately $100,000 directly to COMMUNITY on the debt

20   obligation belonging to Suzette Wurz/Murphy and at least $150,000 in the rehabilitation of the

21   subject property over the past six years. During that same six-year period, Suzette Wurz/Murphy

22   paid $0 to COMMUNITY and $0 towards rehabilitation of the subject property.

23         As for BEAR STEARNS and CHASE (collectively "Chase Bank") Chase Bank is being

24   sued as the lender of record and therefore the holder of the beneficial interest in the promissory

25   note. Chase Bank is also being sued based on their acts and omissions from April 2017 through

26   December 2017 specific to the approved and subsequently finalized 2017 Loan Modification

27   Agreement, as well as the July 11, 2017, ADOT with COMMUNITY that was executed and

28   recorded during that same controversial timeframe in 2017.

## VII.    FIRST CAUSE OF ACTION – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CALIFORNIA CIVIL CODE §1788 ET SEQ.

### [AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANT WURZ/MURPHY]

1.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

2.    The Rosenthal Fair Debt Collection Practices Act, California *Civil Code §1788, et seq.* ("Rosenthal Act or "RFDCPA") was enacted "to prohibit debt collectors from engaging in unfair and deceptive acts or practices in the collection of consumer debts.' (§1788.1, subd. (b).) The Rosenthal Act is a "remedial statute [that] should be interpreted broadly in order to effectuate its remedial purpose." *(Davidson v. Seterus, Inc. (2018) 21 Cal.App.5th 283, 295, 230 Cal.Rptr.3d 441) ("Davidson")*

3.    Defendants are "debt collectors" within the meaning of *Civil Code §1788.2(c),* in that they regularly and in the ordinary course of business, on behalf of themselves or others, are engaging in acts and practices in connection with the collection of consumer debts. The Rosenthal Act's definition of "debt collector" applies to a mortgage servicer who engages in debt collection practices in attempting to obtain repayment of mortgage debt."

4.    Plaintiff is a "debtor" within the meaning of *Civil Code §1788.2(h),* in that he is a natural person from whom Defendants are seeking to collect and have collected $67,700 towards a consumer debt alleged to be due and owing and purportedly secured by Plaintiff's subject property.

5.    The purported debt which Defendants are attempting to collect from Plaintiff is a "consumer debt" within the meaning of the Rosenthal Act in that it was incurred primarily for personal, family, or household purposes. "A loan secured by a trust deed can be a consumer debt within the meaning of the Rosenthal Act.  (Davidson) Effective January 1, 2020, the Rosenthal Act was amended to amend the term "consumer debt" to explicitly include "mortgage debt."

6.    Defendants are violating the Rosenthal FDCPA, including *Civil Code §1788.17* for applicable FDCPA violations. More specifically they are attempting to collect a debt without the legal right or authority to do so, threatening to take a nonjudicial action to dispossess Plaintiff

32

1  from his residence, falsely representing to Plaintiff that they have the legal right and authority to

2  proceed with a nonjudicial action when they do not.

3        7.      The Rosenthal Act is modeled on and applies more broadly than the Federal

4  FDCPA. "It incorporates the FDCPA, so that a violation of the FDCPA is per se a violation of the

5  Rosenthal Act. However, it is more extensive than the FDCPA. The Rosenthal Act generally

6  requires debt collectors to comply with the provisions of the FDCPA." *(Best v. Ocwen Loan*

7  *Servicing LLC (2021) 64 Cal.App.5th 568, 576, 279 Cal.Rpt.3d 69)*

8        8.      The Defendants engaged and are still engaging in conduct the natural consequence

9  of which is to oppress Plaintiff in connection with collection of the subject debt in violation of 15

10  U.S.C. 1692d.

11        9.      The Defendants used false, deceptive, or misleading representations and means in

12  connection with the collection of the subject debt in violation of 15 U.S.C. 1692e. This violation

13  includes the false representation of the character, the amount and the legal status of the subject

14  debt, the threat to take action that cannot legally be taken, conduct in order to disgrace Plaintiff

15  and the use of false representation or deceptive means to collect and/or to attempt to collect the

16  subject debt.

17        10.     The Defendants used unfair and unconscionable means to collect or attempt to

18  collect the subject debt in violation of 15 U.S.C. 1692f. This violation includes the unlawful

19  collection of $67,700, that was not authorized by the subject debt agreement and not permitted by

20  law, the taking or threating to take any non-judicial foreclosure action when there is no present

21  right and no present intent of possession of the subject property, misrepresenting and actively

22  hiding material information that proves the debt collection efforts are unlawful, and misusing

23  internal successor-in-interest protocols in an unfair and deceptive manner to maximize debt

24  collection results to the prejudicial detriment and harm of Plaintiff.

25        11.     The Defendants did not properly validate the subject debt specific to disputed

26  debts, in violation of 15 U.S.C. 1692g.

27        12.     Plaintiff alleges that the Defendants are attempting to collect and have collected on

28  a debt purportedly secured to Plaintiff's home despite having no legal right to do so. Plaintiff

further alleges that, in the process, the Defendants engaged and are still engaging in unlawful, unfair, and fraudulent debt collection practices.

13.     The Defendants debt collection activities went beyond the scope of the ordinary foreclosure process and has caused Plaintiff damages including but not limited to the loss of $67,700 which was collected by Defendant TRUSTEE CORPS in January 2022.

14.     Plaintiff further alleges that the defendants violated this title willfully and continually.  The continual violation doctrine applies to this claim under the Rosenthal Act. *(Komarova v. National Credit Acceptance Inc., 175 Cal.APP.4th 324, 95 Cal.Rpt.3d)*

15.     Plaintiff has sustained damages and is entitled to relief.

16.     Wherefore, Plaintiff prays for judgment as set forth below.

## VIII.   SECOND CAUSE OF ACTION – CONCEALMENT

[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, QUALITY AND NATIONSTAR]

17.     Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

18.     Defendant Suzette Wurz/Murphy and DOES 5-25 on October 11, 2007, knowingly falsified her marital status, represented that she was an "unmarried" woman when that was untrue, when she signed and subsequently acquired the $417,000 loan from BEAR STEARNS. Defendant Wurz/Murphy falsified her marital status so that her husband's August 2004 purchase of the Pleasanton House would not be factored into the loan approval process with Bear Stearns. Defendant Wurz/Murphy suppressed these material facts from Plaintiff when he agreed in principle to purchase the subject property home from her in 2017 as well as when he finalized the purchase of the subject property in August 2018.

19.     Defendant Wurz/Murphy was under a duty to disclose these suppressed material facts. Plaintiff was unaware of these suppressed material facts and Plaintiff would not have proceeded as he did, with the purchase of the subject property, if he had known about said material facts. Plaintiff has been damaged by Defendant Wurz/Murphy's concealment of these suppressed facts and this concealment has resulted in severe damages to Plaintiff, and Plaintiff is entitled to relief.

VERIFIED SECOND AMENDED COMPLAINT

20.     Plaintiff discovered the suppressed material facts specific to Defendant Wurz/Murphy as set forth above sometime between April 2023 and July 2023.

21.     Defendants Wurz/Murphy, Bayview, Community, TRUSTEE CORPS and DOES 5-25 ("These Defendants") knew prior to the recording of the September 20, 2021 Substitution of Trustee ("SOT") and the September 21, 2021 Notice of Default ("NOD") that: **(a)** Plaintiff was the owner of the subject property by way of quitclaim deed effective August 2018 ("Plaintiff's Ownership") and **(b)** that Defendant Bear Stearns was the lender of record and that Defendant FANNIE MAE has no interest of record ("Lender Record")

22.     Specific to knowledge of Plaintiff's Ownership, Defendant Wurz/Murphy knew of Plaintiff's Ownership on or before March 1, 2019, based on the fact that she signed, before a notary, the quitclaim deed in August of 2018, the fact that her email with attachments from March 1, 2019 confirms she knew Plaintiff was the owner, and the fact that on or around September 6 2019, Wurz/Murphy received a true and correct copy of the 2018 quitclaim deed from COMMUNITY.

23.     Defendants Bayview and Community knew of Plaintiff's Ownership on or before January 6, 2020, based on their issuance of the January 6, 2020 Declaration of Mortgage Servicer signed by Melina Betancourt, based on the factual allegation that Bayview mailed Defendant Wurz/Murphy a true and correct copy of the recorded quitclaim deed on or around September 6 2019, and based on Plaintiff 's own knowledge that he personally informed Community on or around September 2018 and again several times between September 2019 and April 2020.

24.     Defendant TRUSTEE CORPS knew of Plaintiff's Ownership no later than September 17, 2021, based on their identifying Plaintiff as the homeowner when preparing the NOD mailing list and based on TRUSTEE CORPS representation that they were assigned as the foreclosure trustee on March 11, 2020.

25.     These Defendants actively hid their knowledge of Plaintiff's Ownership, These Defendants were under a duty to disclose to Plaintiff their knowledge of Plaintiff's Ownership. These Defendants intentionally concealed this knowledge from Plaintiff with the intent to defraud Plaintiff by pursuing non-judicial foreclosure proceedings under false pretense. Plaintiff was

1   unaware that the These Defendants were concealing their knowledge of the material fact of

2   Plaintiff's Ownership and Plaintiff would not have acted as he did if he had known.

3       26.     Plaintiff has sustained damages and is entitled to relief.

4       27.     These Defendant as well as Defendants NATIONSTAR and QUALITY

5   suppressed the material facts specific to the Lender Record as set forth above.  All of the named

6   defendants had knowledge of the Lender Record based on the written instruments published with

7   the San Joaquin County Recorder's Office from 2007 through 2023, including each and every one

8   of their own published instruments plainly and openly expressing the material fact that Bear

9   Stearns is the only lender of record, as well as the material fact that FANNIE MAE has no interest

10  of record.

11      28.     Plaintiff had no knowledge that the material facts specific to the Lender Record

12  were being suppressed and Plaintiff would have acted differently if he had known. Plaintiff has

13  sustained damage and is entitled to relief.

14      29.     This cause of action and all the allegations contained herein are based on facts that

15  are more in the control and knowledge of the Defendants.

16      30.     These Defendants had exclusive knowledge of material facts not known to

17  Plaintiff, actively concealed material facts from Plaintiff or made partial representations while

18  suppressing some material facts.

19      31.     These Defendants had a duty to disclose but they failed to disclose constituting

20  material fraud.

21      32.     Plaintiff has sustained damages and is entitled to relief.

22      33.     Wherefore, Plaintiff prays for judgment as set forth below.

### IX.    THIRD CAUSE OF ACTION – NEGLIGENCE

[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT
DEFENDANTS BEAR STEARNS, QUALITY, AND WURZ/MURPHY]

24      34.     Plaintiff hereby incorporates by reference each and every one of the preceding

26  paragraphs as if the same were fully set forth herein.

27      35.     Defendants owed Plaintiff a legal duty of care pursuant to California Civil Code

28  §1708 and §1714.

1    36.    Cal. Civ. Code §1708 provides "Every person is bound, without contract, to

2    abstain from injuring the person or property of another or infringing upon any of his or her

3    rights."

4    37.    Cal Civ. Code §1714 (a) provides: "Everyone is responsible, not only for the result

5    of his or her willful acts, but also for an injury occasioned to another by his or her want of

6    ordinary care of skill in management of his or her property or person…"

7    38.    Defendants breached their duty effective September 2019 and after and continue to

8    breach their duty as set forth above. Defendants made various false representations and

9    misleading statements, failed to keep oral commitments they made to plaintiff and failed to

10   disclose the truth from September 2019 through July 2022 when they had opportunity and duty to

11   do so.

12   39.    Plaintiff was damaged, whereas the element of damages for this cause of action

13   was effective and thus accrued on or around October 4, 2021.

14   40.    Plaintiff sustained damages and is entitled to relief.

15   41.    Wherefore, Plaintiff prays for judgment as set forth below.

16   **X.    FOURTH CAUSE OF ACTION – CANCELLATION OF WRITTEN INSTRUMENTS**

17   [AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT
18   DEFENDANTS TRUSTEE CORPS AND WURZ/MURPHY

19   42.    Plaintiff hereby incorporates by reference each and every one of the preceding

20   paragraphs as if the same were fully set forth herein.

21   43.    Cal. Civ. Code §3412 provides that a "written instrument, in respect to which there

22   is a reasonable apprehension that if left outstanding it may cause serious injury to a person against

23   whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be

24   delivered up or cancelled."

25   44.    An "instrument" is a "written paper signed by a person or persons transferring the

26   title to, or giving a lien on real property, or given a right to a debt or duty." (Gov. Code *§27279*)

27   45.    General allegations of fraud are sufficient to allege the invalidity of an instrument

28   in the absence of special demurrer for uncertainty. *(Larkin v. Mullen (1900) 128 Cal. 449, 453-454) (Campbell v. Genshlea (1919) 180 Cal.213, 218)*

37

46.    **The documents referred to in this claim were recorded with the San Joaquin County Recorder's Office, can be taken judicial notice of, but not the truth of any statements made therein. There is no presumption of the validity of a document merely by its recordation.**

47.    Cal. Civ. Code §2924 exclusively limits who has authority to issue a Notice of Default on a home loan secured by a Deed of Trust.  A Notice of Default is null and void and of no force or effect if issued by any person or entity other than those described in CCP §2924.

48.    **Even if Plaintiff's third-party contract was not interfered with and/or the purported default was legitimate, foreclosure proceedings against Plaintiff's real property are still void if issued by a party that does not have standing or authority to issue the said documents.**

49.    The statement in the Notice of Default ("NOD") or in any recorded document that Defendants had the capacity of the parties referred to in Cal. Civ. Code §2924 does **not** take precedence over the allegations in this Complaint that they **did not** have that capacity.

50.    On October 11, 2007, the lender named in the Deed of Trust and Promissory Note is Bear Stearns and, in the October 23, 2007, recordation of the Deed of Trust Bear Stearns was published in the San Joaquin County Recorder's Office as the Lender of Record.

51.    Although not reflected in the Note or Deed of Trust, Federal National Mortgage Association aka FANNIE MAE is the guarantor of the loan and purportedly the reassigned "lender" effective 2017.

52.    The fact that FANNIE MAE guarantees the loan is evidenced by the 2017 Loan Modification Agreement and the fact that Defendant CHASE expresses in open court that their interest and role specific to the subject property also ended in 2017.

53.    Furthermore, the October 11, 2007, Deed of Trust and Promissory Note are void and of no force or effect because the $417,000 BEAR STEARNS loan was fraudulently obtained by Defendant Wurz/Murphy.

54.    Defendant Wurz/Murphy's fraudulent misrepresentation of her marital status has rendered defective any and all instruments on or after October 11, 2007, and the fact that

1    Wurz/Murphy divorced September 2020, bolsters the allegation that the BEAR STEARNS Deed

2    of Trust and Promissory Note is not just voidable, but void.

3       55.     Additionally, the $417,000 loan was substantially and materially modified in 2017,

4    making the Promissory Note from October 11, 2007, invalid.

5       56.     None of the Defendants were the authorized agent of the lender of the deed of

6    trust, which is also the lender of record, invalidating all of the written instruments referred to

7    above, and further set forth below.

8       57.     Plaintiff alleges, the following instruments are void, or in the alternative voidable,

9    and will continue to cause serious injury to Plaintiff if not cancelled:

10       58.     The October 11, 2007, BEAR STEARNS Deed of Trust, Instrument No. #2007-

11    182730 is void, or in the alternative is voidable, and would cause serious injury to Plaintiff if not

12    cancelled.

13       59.     The October 11, 2007, BEAR STEARNS Promissory Note for $417,000 is void,

14    or in the alternative is voidable, and would cause Plaintiff serious injury if not cancelled.

15       60.     The unrecorded 2017 Loan Modification Agreement purportedly approved and

16    subsequently finalized between Defendants CHASE, COMMUNITY and FANNIE MAE,

17    between April 2017 through December 2017, is void, or in the alternative is voidable, and would

18    cause serious injury to Plaintiff if not cancelled.

19       61.     The July 2022 Assignment of Deed of Trust purportedly between COMMUNITY

20    and NATIONSTAR, is void, or in the alternative is voidable, and would cause serious injury to

21    Plaintiff if not cancelled.

22       62.     The November 3rd, 2022, Substitution of Trustee assigning QUALITY as the

23    foreclosure trustee is void, or in the alternative is voidable, and would cause serious injury to

24    Plaintiff if not cancelled.

25       63.     The November 2022 Notice of Default issued by QUALITY is void, or in the

26    alternative is voidable and would cause serious injury to Plaintiff if not cancelled.

27

28

64.     Any subsequent foreclosure instrument filed on or after November 2022 based on any of the instruments referred to herein, is void, or in the alternative is voidable and would cause serious injury to Plaintiff is not cancelled.

65.     Wherefore, Plaintiff prays for judgment as set forth below.

**XI.     FIFTH CAUSE OF ACTION - VIOLATION OF CALIFORNIA CIVIL BUSINESS & PROFESSIONS CODE §17200, ET SEQ.**

[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS AND WURZ/MURPHY]

66.     Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same was fully set forth herein.

67.     *California Business & Professions Code §17200, et. seq., ("Section 17200")* does not proscribe specific activities, but broadly prohibits "any unlawful, unfair or fraudulent business act or practice…" Section 17200 establishes a private right of action to remedy such unfair competition. ("UCL") *(see Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1082 (9th Cir 2007).)* The UCL governs anti-competitive business practices as well as injuries to consumers.

68.     Section §17200, et. seq., provides that a Court may order injunctive relief and restitution to affected members of the general public to remedy violations. The California Supreme Court has defined an order under §17203 for restitution as one "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken, that is to persons who had an ownership interest in the property of those claiming through that person." *(Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal 4th, 1134, 1144-1145)*

69.     Defendants are subject to the laws of the state of California in connection with their activities in California.

70.     Section 17200 establishes three separate varieties of unfair competition: acts or practices which are unlawful, unfair, or fraudulent. *(Cal-Tech Commc'ns., Inc. v L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999)*

71.     Defendants are committing unlawful, unfair, or fraudulent acts or practices engaging in the business of debt collection and non-judicial foreclosure proceedings. These acts

and practices are likely to deceive the public as to their legal rights and obligations with respect to the collection of debt as well as their property interest rights.

72.    As to allegations of unfair competition specific to the prong of "unlawful" business acts or practices, the Defendants have violated CCP §1708, CCP §1714(a), CCP §1788 et seq., CCP §2924 et seq. and CCP §2932.5.  Additionally, and inclusively, individually and collectively, the Defendants have violated the law as alleged in the First, Third, Fourth, Eighth, Eleventh, Twelfth and Thirteenth claims in this Complaint. The facts supporting the statutory elements of the specific laws violated by the Defendants are set forth above, and further below, with adequate and reasonable particularity.

73.    As to allegations of unfair competition specific to the prong of "unfair" business acts or practices, the Defendants conduct violated the policy and spirit of CCP §1708, CCP §1714(a), CCP § 1788 et seq., CCP §2924 et seq., CCP §2932.5 and Successor In Interest ("SII") laws, polices and safeguards. Additionally, inclusively, individually, and collectively, the Defendants have violated both the spirit and the policy of the laws, and significantly threatens competition based on the alleged unfair conduct contained in the First, Third, Fourth, Eighth, Eleventh, Twelfth and Thirteenth claims.

74.    The Defendants unfair business practices includes conduct that misuses SII internal protocols ostensibly in good faith, but actually in bad faith and knowingly in violation of the very spirit of the policies and laws specific to SII, with the goal of gaining unfair advantage in their debt collection scheme against California consumers.

75.    Defendants have used their internal SII processes and representations to deceive Plaintiff and the CFPB, as well as California consumers.

76.    As to allegations of unfair competition specific to the prong of "fraudulent" business acts or practices, the Defendants specific conduct is likely to deceive the public. The specific fraudulent conduct is that conduct that is alleged and contained in the First, Second, Third, Eight, Ninth, Tenth, Eleventh, Twelfth and Thirteenth claims.

77.     As more particularly described above, the following acts or practices separate, together, or in combination constitute "unfair or deceptive acts or practices," which may be prohibited and enjoined, pursuant to *§17200 and §17203:*

       a.    The violation of law alleged in the First through Thirteenth causes of action herein, and the Defendants concealment of what they knew and when they knew it;

       b.    Defrauding others of money and/or real property by knowingly and by design making false representations or pretenses (California Penal Code §484);

       c.    Executing, manufacturing creating, and recording false, fraudulent and misleading deeds, assignments, notice of sale/default documents, and;

       d.    Ignoring or failing to comply with Plaintiff's requests for an accounting of all proceeds/payments involved with Borrower's loan;

       e.    Treating Plaintiff as in default on the loans even though he attempted to make payments to Defendants, or otherwise complied with mortgage requirements or California law;

       f.    Improperly characterizing the account as being in default or delinquent status to generate unwarranted fees;

       g.    Seeking to collect and actually collecting various improper payments, fees, costs and charges that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due;

       h.    Failing to provide adequate statement information to Plaintiff regarding the status of the accounts, payments owed, and/or basis for fees assessed;

       i.    Instituting improper or premature foreclosure proceedings to generate unwarranted fees.

78.     Defendants have failed to act in good faith as they took and charged fees for services but have not rendered the services completely or in compliance with applicable law.

79.     Defendants have engaged in a uniform pattern and practice of unfair business practices and over-aggressive servicing, highly deceptive debt collecting and intentionally beyond-the-scope non-judicial foreclosure conduct, which resulted in the assessment of unfair and unwarranted fees against California consumers, unlawful payments from California consumers, and premature default resulting from fraudulent interference, and subsequently, unlawful breach of contract. The scheme implemented by Defendants was designed to defraud not just Plaintiff but all California consumers and enrich and engorge Defendants in the process.

80.     The foregoing acts and practices have caused substantial harm not only to Plaintiff but to all California consumers and to all California taxpayers. Plaintiff has suffered injury in fact and has lost money or property resulting from the alleged unfair competition, including but not limited to the non-trivial amount of $67,700 and the loss of equity in his real estate property.

81.     Pursuant to *Business and Professions Code §17203* and *§17204*, Plaintiff is empowered to act as a private attorney general to enjoin such conduct.

82.     Defendants sued herein are engaging in unfair competition by, amongst other things, doing those things described above. This conduct is unlawful, unfair, or deceptive and constitutes unfair competition.

83.     Wherefore, Plaintiff prays for judgment as set forth below.

## XII.    SIXTH CAUSE OF ACTION – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, CHASE AND QUALITY]

84.     Plaintiff repeats, realleges and incorporates by reference each and every allegation as set forth above in the preceding paragraphs as though fully set forth herein.

85.     The Defendants extreme and outrageous conduct was in reckless disregard of the probability of causing Plaintiff emotional distress, Plaintiff did and is suffering severe and emotional distress and the Defendants extreme and outrageous conduct is the actual and proximate causation of Plaintiff's severe and emotional distress.

86.     A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized society." *(Hughes v. Pair (2009) 46 Cal.4th 1035, 1051).*

1    87.    The Defendants behavior constitutes outrageous conduct because the Defendants:

2    **(1)** abused a relationship or a position giving Defendant's power to damage Plaintiff's interests,

3    **(2)** knows the Plaintiff is susceptible to injuries through mental distress; and/or **(3)** acted

4    intentionally or unreasonably with the recognition that the acts are likely to result in illness

5    through mental distress.

6    88.    Damages for emotional distress growing out of a defendant's conversion of

7    personal property are recoverable. *(Hensley v. San Diego Gas and Electric Co. (2017) 7*

8    *Cal.App.5th.1337, 1358)*

9    89.    The Defendants abused their power when they fraudulently conspired to

10   manufacture default and subsequently force foreclosure proceedings against the subject property

11   with knowledge aforethought to harm and violate Plaintiff's rights. The Defendants knew that

12   irreparable harm associated with wrongful debt collection activity and suppression of facts

13   specific to Plaintiff's primary residence would make Plaintiff susceptible to injuries through

14   mental distress. The Defendants action from September 2019 through at least July 2022 and after,

15   as factually alleged and set forth above, were intentional and unreasonable with the recognition

16   that the acts would result in Plaintiff's illness through mental distress.

17   90.    Plaintiff suffered and is suffering from severe or emotional stress, constituting

18   actual injury and harm effectuated and accrued on or around October 4, 2021, and after.

19   91.    Plaintiff's emotional distress grew further out of Defendants conversion of his

20   personal property of $67,700 on or around January 2022.

21   92.    The requisite emotional distress "may consist of any highly unpleasant mental

22   reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment

23   or worry." (*Fletcher v. Western National Life Ins. Co (1970) 10 Cal.App.3d 376, 397)*

24   *("Fletcher")* "Severe emotional distress means…emotional distress of such substantial quantity

25   or enduring quality that no reasonable man in a civilized society should expect to endure it."

26   (Fletcher Id.)

27   93.    Plaintiff has been suffering emotional distress from October 2021 to the present

28   based on the Defendants outrageous and extreme conduct dating back to September 2019, in the

1  form of fright, grief, shame, embarrassment, disappointment, depression worry, isolation and

2  anguish.

3       94.    Plaintiff has sustained damages and is entitled to relief.

4       95.    Wherefore, Plaintiff prays for judgment as set forth below.

5                **XIII.  SEVENTH CAUSE OF ACTION – INJUNCTIVE RELIEF**

6       [AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT
          DEFENDANTS BEAR STEARNS, TRUSTEE CORPS AND WURZ/MURPHY]

7       96.    Plaintiff hereby incorporates by reference each and every one of the preceding

8  paragraphs as if the same were fully set forth herein. Furthermore, Plaintiff specifically

9  incorporates and references the fifth claim set forth above in its entirety.

10      97.    As more particularly described above, the following acts or practices separate,

11  together, or in combination constitute "unfair or deceptive acts or practices," which may be

12  prohibited and enjoined, pursuant to §17200 and §17203:

13           a.    The violation of law alleged in the First through Thirteen causes of action

14               herein, and the Defendants concealment of what they knew and when they

15               knew it;

16           b.    Defrauding others of money and/or real property by knowingly and

17               decidedly making false or fraudulent representations or pretenses (Penal

18               Code §484(a));

19           c.    Attempting to collect a debt for non-payment on a credit transaction

20               without the legal justification to do so;

21           d.    Attempting to take nonjudicial action to enforce a security interest to

22               displace Plaintiff from his home without the legal right or authority to do

23               so;

24           e.    Misusing SII protocols to deceive California consumers to gain an unfair

25               advantage during debt collection activity and non-judicial foreclosure

26               proceedings.

27

28

                                    45
                      VERIFIED SECOND AMENDED COMPLAINT

98.     This Court has the authority under Cal. Civ. Code §526(a)(1)-(3) to issue a preliminary injunction enjoining Defendants from proceeding with a foreclosure sale against Plaintiff's property.

99.     As to §526(a)(1), Plaintiff can show through the complaint that he is entitled to have the foreclosure action on his home stopped. Defendants are debt collectors without the requisite legal authority to conduct non-judicial foreclosure proceedings against Plaintiff's home.

100.    As to §526(a)(2), irreparable injury would be done to Plaintiff should his home be wrongfully and fraudulently foreclosed by an entity without proper authority and be forced to move out of his primary residence.

101.    As to §526(a)(3), Defendants are attempting to violate the rights Plaintiff is attempting to protect with this action. Should Defendants be permitted to enforce the invalid security interest in the Property against Plaintiff, it would render the Court's judgment herein as to the ownership of the subject property ineffectual.

102.    Plaintiff has sustained damages, is at the risk of further damages that are irreparable in nature and is entitled to the relief sought.

103.    Wherefore, Plaintiff prays for judgment as set forth below.

## XIV.    **EIGHTH CAUSE OF ACTION – BREACH**
[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, CHASE, TRUSTEE CORPS, QUALITY AND WURZ/MURPHY]

104.    Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

105.    A contract is an agreement to do or not to do a certain thing and gives rise to an obligation or legal duty that is enforceable in an action at law." Civ Code section 1549. "The [implied] covenant of good faith and fair dealings…[is] implied by law in every contract…." *(Durell v. Sharp Healthcare (2010) 183 Cal.pp.4th 1350, 1369.)*

106.    On or around January 2022, Plaintiff and Defendants entered into a valid Contract. ("Contract")

107. Plaintiff performed his promise in connection with the January 2022 Contract when he paid by certified funds $67,700 and thereafter submitted his loan assumption package to COMMUNITY.

108. Plaintiff performed all conditions, covenants, and promises required by him to be performed in accordance with the terms and conditions of the January 2022 Contract, except for any which he was excused from performing.

109. Defendants did Breach the January 2022 Contract as the foregoing allegations demonstrate, Defendants negligence, misrepresentations, omissions, failure to communicate, failure to identify, implied repudiation, deceit, coercion, duress, unfair and deceptive debt collection practices, suppression of material facts, unfair and unlaw misuse of successor in interest internal processes, and broken promises have breached the January 2022 Contract.

110. Defendants also did Breach the implied covenant of good faith and fair dealings.

111. The Defendants unfairly interfered with Plaintiff's right to receive the benefits of the contract and Plaintiff was harmed by the Defendants conduct.

112. Defendants breached the implied covenant of good faith and fair dealings at times and places currently unknown by Plaintiff. Plaintiff discovered the facts concerning Defendant's Breach on or after July 2022. Plaintiff requests leave to amend the complaint to allege specific times and places.

113. Plaintiff has sustained damages from the Defendants breaches and is entitled to relief.

114. Wherefore, Plaintiff prays for judgment as set forth below.

## XV. NINTH CAUSE OF ACTION – NEGLIGENT MISREPRESENTATION
[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, CHASE, TRUSTEE CORPS, QUALITY AND WURZ/MURPHY]

115. Plaintiff hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

116. Negligent misrepresentation may occur if a party to a contract makes an unwarranted and untrue assertion, believing the assertion to be true and intending to induce another party to enter into a contract. (Cal. Civ. Code §1572(2))

47

117.    Negligent misrepresentation is a form of deceit that may also occur outside a contractual setting if a person asserts, as fact that which is not true, having no reasonable grounds for believing it to be true, intending that the plaintiff rely upon the assertion. (Cal. Civ. Code §1709 and §1710)

118.    Plaintiff must plead every element of the cause of action both factually and specifically. (*Caldo v. Owens-Illinois, Inc. (2004) 125 Cal.App4th 513*)

119.    Defendant COMMUNITY, BAM, NATIONSTAR, and DOES 5-25 (hereinafter "Defendants") made untrue representations as to past or existing material facts.

120.    Defendants made these untrue representations as to past or existing material facts in their written correspondence dated November 17th, 2021, which was written by Ryan Fortenbury, Compliance and Oversight representative for Community Loan Servicing, LLC. A true and correct copy of said correspondence is attached hereto as Exhibit I.

121.    Defendants first positive assertion stating "We thank Mr. Lewis for notifying Community Loan Servicing…that a possible transfer of ownership has occurred" was an untrue misrepresentation of material fact. ("first misrepresentation")

122.    Defendants second positive assertion stating "it is our understanding that he requests to be reviewed as a possible Successor in Interest ("SII") through our internal SII review process…once we have confirmed his status as Successor-in-Interest, we will gladly discuss any loan status and/or the status of the account with him" was an untrue representation of material facts. ("second misrepresentation")

123.    Specific to Defendants first misrepresentation, Defendants already knew of the **actual** transfer of ownership of the subject property to Plaintiff in August 2018, as Defendants were informed about the actual transfer several times in the past, including but not limited to: September 2018, September 2019, December 2019, January 2020, March 2020 and in 2021 prior to November 2021.

124.    Specific to Defendants second misrepresentation, Defendants had no reasonable grounds for believing that Plaintiff's request from on or around October 4, 2021, was a request to be reviewed as a possible SII and Defendants knew their internal SII review process was

1  inapplicable to Plaintiff's request and situation before the purported SII review process of
2  November 2021 ever started.

3      125.    Defendants made the first misrepresentation and the second misrepresentation
4  (hereinafter "misrepresentations") alleged in this Ninth claim as set forth above, without
5  reasonable grounds to believe them to be true, or in a manner not warranted by the available
6  information.

7      126.    The November 17, 2021, written misrepresentations alleged above, caused
8  Plaintiff emotional distress, and caused Plaintiff to spend at least $10,000 in legal and attorney
9  fees, as well as a $67,700 payment under duress on or around January 2022.

10     127.    Furthermore, Defendants second misrepresentation negligently caused Plaintiff to
11 identify himself as the "Successor-in-Interest to Suzette Wurz" and caused Plaintiff to wait
12 another two months while Plaintiff waited to see if COMMUNITY would confirm him as SII.
13 This put Plaintiff in a desperate situation resulting in Plaintiff's payment of $67,700 under duress
14 of an unlawful foreclosure sale date and a contract of adhesion with Defendants.

15     128.    Defendants knew the misrepresentations were false when the Defendant made
16 them, or should have known, and made the misrepresentations recklessly and without regard for
17 the truth.

18     129.    The Defendants intended that Plaintiff rely on the misrepresentations and Plaintiff
19 did reasonably rely on the Defendants misrepresentations. Plaintiff was harmed and Plaintiff's
20 reliance on Defendants false representations was a substantial factor in causing that harm to
21 Plaintiff.

22     130.    The Defendants misrepresentations were not expressions of opinion and were not
23 honestly made.

24     131.    Plaintiff reserves the right to amend as to Defendants CHASE, TRUSTEE CORPS
25 and Does 5-25, if discovery reveals those defendants played any role in the misrepresentations
26 alleged in this ninth cause of action.

27

28

132.    Defendants BAM, NATIONSTAR and FANNIE MAE are included in this Ninth cause of action because of their alleged shared ownership agreement and alleged shared liability specific to COMMUNITY's misrepresentations as set forth above.

133.    Plaintiff has sustained damages and is entitled to relief.

134.    Whereas Plaintiff prays for Judgment as set forth below.

## XVI.    TENTH CAUSE OF ACTION – CIVIL CONSPIRACY
[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, CHASE, QUALITY AND NATIONSTAR]

135.    Plaintiff repeats, realleges and hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

136.    Plaintiff places specific emphasis in support of this Tenth cause of action on the "BACKGROUND OF THE CONTROVERSY" set forth above. [See pages 30 – 31]

137.    "Conspiracy is…a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." (*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.* (1994) 7 Cal. 4th 503, 5120-11; *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.* (2005) 131 Cal.App.4th 802, 803.

138.    A civil conspiracy "is a combination of two or more persons who, by some concerted action, intend to accomplish some unlawful objective for the purpose of harming another which result in damage." *(Gilbrook v. City of Westminster, 177 F.3d 839, 856 (9th Cir. 1999)*

139.    The elements of civil conspiracy are (1) the formation and operation of the conspiracy, (2) the wrongful act done in the furtherance of the conspiracy and (3) the resulting damages to plaintiff.

140.    On or around September 2019, Defendants COMMUNITY and BAM formed a civil conspiracy with Defendant FANNIE MAE ("Conspiracy") to accomplish the wrongful act of intentional interference with Plaintiff's third-party contract with their borrower, Defendant Wurz/Murphy. The Defendants acted with the intention to induce breach between Plaintiff and Wurz/Murphy.

1    141.    Defendant COMMUNITY, as the overt actor, refused to allow Plaintiff to make

2  the mortgage payments as he had been doing and as he was authorized to continue to do by

3  Wurz/Murphy.  COMMUNITY also misled Plaintiff by inducing him to think it was

4  Wurz/Murphy who was preventing him from making the mortgage payments.

5    142.    On or around December 2019, after, Defendant Wurz/Murphy tacitly agreed to

6  join the Conspiracy to accomplish the unlawful objective of forcing Plaintiff's home, the subject

7  property, into non-judicial foreclosure proceedings when there was no reason to do so and no

8  right to do so.

9    143.    On or around March 2020, and after, Defendant TRUSTEE CORPS agreed,

10 whether, expressly or tacitly, to join the Conspiracy with the unlawful objective of initiating non-

11 judicial foreclosure proceedings against the subject property in bad faith to induce payment from

12 Plaintiff.

13    144.    TRUSTEE CORPS collection of $67,700 from Plaintiff on or around January 2022

14 was the most recent overt act from the Conspiracy, whereas the Conspiracy operated until at least

15 June 2022.

16    145.    Defendants owe a legal duty of care to Plaintiff as already alleged and set forth

17 above and as further set forth below.

18    146.    Defendants did the acts and things herein alleged pursuant to and in furtherance of

19 the Conspiracy.

20    147.    As a proximate result thereof, Plaintiff has been damaged in an amount to be

21 proven at trial.

22    148.    This complaint will be amended upon completion of discovery necessary to allege

23 with more certainty.

24    149.    Whereas Plaintiff prays for judgment set forth below.

25 **XVII. ELEVENTH CAUSE OF ACTION – INTENTIONAL INTERFERENCE**

26 [AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT
   DEFENDANTS BEAR STEARNS, CHASE, QUALITY, TRUSTEE CORPS,
   NATIONSTAR AND WURZ/MURPHY]

27
28    150.    Plaintiff repeats, realleges and hereby incorporates by reference each and every

one of the proceeding paragraphs as is if the same were fully set forth herein.

1     151.   One who, without privilege or justification, intentionally induces a party to a

2  contract is liable in tort to such party. This cause of action covers inducement of breach of

3  contract and interference with contractual relations. *(Jenni Riveria Enterprises, LLC v. Latin*

4  *World Entertainment Holdings, Inc. (2019) 36 Cal.App.5th 766)*

5     152.   Plaintiff and Suzette Wurz/Murphy had a valid contract conveying to Plaintiff the

6  right to make the mortgage payments on the subject debt obligation directly to the mortgage

7  servicer.

8     153.   A cause of action for tortious interference with contract exists even when the

9  contract is voidable. *(Reeves v. Hanlon (2004) 33 Cal.4th 1140; Shoemaker v. Myers (1990) 52*

10  *Cal.3d 1, 24-25*

11     154.   A cause of action for tortious interference with contract may exist when the

12  contract is unenforceable. (Saunders v. Superior Court (1994) 27 Cal.App4th 832, 844)

13     155.   Plaintiff made the payments directly to Defendant COMMUNITY through August

14  2019 consistent with the third-party contract.

15     156.   Defendants BAM and COMMUNITY were strangers to the contract.

16     157.   Defendants BAM and COMMUNITY had actual knowledge of the contract on or

17  before September 2019.

18     158.   Defendant FANNIE MAE although not actually committing intentional

19  interference themselves, share with the immediate tortfeasors Defendant BAM and

20  COMMUNITY the common plan or design of intentional interference.

21     159.   Defendants' intentional acts were designed to induce breach or disruption of the

22  contractual relationship between Plaintiff and Suzette Wurz/Murphy.

23     160.   Defendants' unjustified intentional acts was the proximate cause and caused an

24  actual breach and disruption of the contractual relationship between Plaintiff and Suzette

25  Wurz/Murphy effective September 2019 and after.

26     161.   Defendants' intent may be established by inference or direct proof. *(Savage v.*

27  *Pacific Gas & Elec.* (1993) 221 Cal.App.4th 434, 449.)

28

1    162.    Defendants' interference is actionable whether his actions are unlawful or lawful.

2    (*Skelly v. Richman* (1970) 10 Cal.App.3d 844. 862.)

3    163.    Plaintiff seeks the remedies of compensatory damages, restorations, lost profits,

4    restitution and equitable relief.

5    164.    Wherefore Plaintiff prays for judgment as set forth below.

6    **XVIII. TWELFTH CAUSE OF ACTION – CONVERSION**

7    [AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT
DEFENDANTS BEAR STEARNS, CHASE, QUALITY AND WURZ/MURPHY]

8    165.    Plaintiff repeats, realleges and hereby incorporates by reference each and every

9    one of the proceeding paragraphs as is if the same were fully set forth herein.

10    166.    Conversion is any act of dominion wrongfully exerted over another's personal

11    property. (*Voris v. Lampert (2019) 7 Cal.5th 1441, 1150.*) There must exist an actual interference

12    with one's ownership or right to possession. *(Welco Electronics, Inc. v Mora (2014) 223*

13    *Cal.App.4th 202, 208.)*

14    167.    Defendants BAM, COMMUNITY, TRUSTEE CORPS, FANNIE MAE AND

15    NATIONSTAR conspired to convert $67, 676.78 of Plaintiff's personal property.

16    **168.    A conspiracy to convert renders each participant in the wrongful act for**

17    **damages as a joint tortfeasor, irrespective of whether or not he or she was a direct actor and**

18    **regardless of the degree of their activity.**

19    169.    Plaintiff is the owner and has the right to possession of the specific, identifiable

20    sum of $67,700 that Defendants converted on or around January 2022 by the wrongful act of

21    unlawful and unfair debt collection practices perpetrated against Plaintiff.

22    170.    Defendants acted intentionally to wrongfully dispose of the $67,700 that belongs

23    to Plaintiff as his sole and personal property.

24    171.    Plaintiff is entitled to immediate possession of the $67,700 now and was entitled to

25    immediate possession at the time of conversion in January 2022.

26    172.    Plaintiff was damaged by the conversion of the $67,700 in an amount to be proven

27    at trial.

28

173.    The appropriate measure for damages is first the value of the property at the time of the conversion, plus interest. (Cal. Civ. Code §3336).

174.    Plaintiff's emotional distress was amplified by Defendants conversion of his personal property, and such damages for emotional distress are also recoverable. (see *Hensley v. San Diego Gas & Electric Co.* (2017) 7 Cal.App.5th.1337, 1358.)

175.    Wherefore, Plaintiff prays for judgment as set forth below.

## XIX.    THIRTEENTH CAUSE OF ACTION – SLANDER OF TITLE
[AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS EXCEPT DEFENDANTS BEAR STEARNS, CHASE, FANNIE MAE AND WURZ/MURPHY]

176.    Plaintiff repeats, realleges and hereby incorporates by reference each and every one of the proceeding paragraphs as is if the same were fully set forth herein.

177.    Slander of title is an unprivileged or malicious publication of a false statement that disparages plaintiff's title to real property and causes pecuniary loss (*Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings LLC* (2012) 205 Cal.App.4th 999, 1030.) ("Sumner Hill") The thrust of the tort of disparagement or slander of title is protection from injury to the salability of the property. (Ibid.)

178.    To establish slander of title plaintiff must show: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." (*Manhattan Loft, LLC v. Mercury Liquors, Inc.* (2009) 173 Cal.App.4th 1040,1051; CACI No. 1730.)

179.    Defendants' actions were not privileged and without justification, as their ownership interest in the October 11, 2007, Bear Stearns Promissory Note and Deed of Trust did not exist at the dates of publication of the Notice of Defaults, if any ever existed. The Notice of Default publication dates were on or around September 2021 in the first instance, and on or around November 2022 in the second instance.

**180.    The issuance of the recorded documents stated above to be invalid or false constitutes direct disparagement of Plaintiff's title.**

**181.    Said documents were published as they were recorded in the San Joaquin County Recorder's Office.**

182.    **The matters in said documents were untrue.**

183.    Defendants acted with malice as they knew they had no ownership interest in the Note or Deed of trust as of the date of the Notice of Default or the right to direct or to issue a Notice of Default or proceed with the foreclosure activity against Plaintiff's primary residence.

184.    Defendants also acted with malice because they also knew prior to the publishing of the Notice of Defaults, that the Note and Deed of Trust were void and of no force or effect, because the October 11, 2007, loan for $417,000 was fraudulently obtained by the original borrower, Suzette Wurz/Murphy.

185.    **Plaintiff has suffered pecuniary damages as a direct and proximate result of** Defendants' actions herein as his subject property has lost equity and he has also suffered direct money damages.

186.    Plaintiff seeks compensatory damages, punitive damages and costs in an amount to be proven at trial.

187.    Wherefore Plaintiff prays for judgment as set forth below.

## XX.    <u>FOURTEENTH CAUSE OF ACTION – DEFAMATION, LIBEL AND SLANDER</u>
### [AGAINST DEFENDANT WURZ/MURHPY]

188.    Plaintiff repeats, realleges and hereby incorporates by reference each and every one of the proceeding paragraphs as is if the same were fully set forth herein.

189.    Defamation is an invasion of the interest in reputation. The tort involves the intentional publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure or which causes special damages. (*Smith v. Maldonado (1999) 72 Cal.App.4th 637, 645.*)

190.    Defendant Suzette Wurz/Murphy made an **intentional publication of a statement of fact,** when she declared, **in writing** as specifically identified, as follows: "In early 2019, we had conversations where whenever things didn't go his way, Mr. Lewis became angry, infuriated, and his behavior made me feel threatened…Additionally, there is evidence of text conversations …that clearly exhibit an unfriendly tone." ("Intentional Publication")

191.    Defendant's Intentional Publication is provably false.

192.    Defendant's Intentional Publication is unprivileged.

193.    Defendant's Intentional Publication is a communication with malice.

1    194.    Defendant's Intentional Publication is unambiguous.

2    195.    Defendant's Intentional Publication has a natural tendency to injure or causes

3    special damage.

4    196.    Defendants fault in publishing the false statement of fact amounts to at least

5    negligence.

6    197.    Plaintiff has sustained damages and is entitled to relief.

7    198.    Whereas Plaintiff prays for Judgement as set forth below.

8    ## XXI.   PRAYER FOR RELIEF

9    **WHEREFORE,** Plaintiff prays judgment against Defendants and each of them as set

10   forth below:

11   1.    For preliminary and permanent injunctive relief and special performance based

12   upon the causes of action alleged herein;

13   2.    To void the October 11, 2007, Bear Stearns Promissory Note and Deed of Trust

14   specific to Plaintiff's subject property;

15   3.    Cancellation and Recission of the Notice of Default dated November 15, 2022,

16   with Instrument No. 2022-129233;

17   4.    An award of actual, economic, statutory, compensatory, general, special, and

18   punitive damages according to proof at trial;

19   5.    An award for lost wages, lost profits, restoration, and restitution according to proof

20   at trial;

21   6.    Reasonable attorneys' fees and costs;

22   7.    For such other and further relief as the Court may deem proper.

23

24   Dated: September 11, 2023                    By: _____

25                                                    MILO DANTE LEWIS

26

27

28

VERIFIED SECOND AMENDED COMPLAINT

1

## VERIFICATION

2    I, Milo Dante Lewis, declare that I am the Plaintiff in the above-entitled matter. I have

3    read this foregoing Second Amended Complaint and know the contents herein.

4    The same is true of my own knowledge, except as to those matters which are stated herein

5    on information and belief, and, as to those matters, I believe them to be true.

6    Executed on September 11, 2023, in the city of Tracy, county of San Joaquin, state of

7    California.

8    I declare under penalty of perjury that the foregoing is true and correct.

9
Dated: September 11, 2023,

10

By:    MILO DANTE LEWIS

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

VERIFIED SECOND AMENDED COMPLAINT

# EXHIBIT A

RECORDING REQUESTED BY:

Doc #: 2018-096489
08/29/2018 04:02:05 PM Tax: $386.10
Page: 1 of 4    Fee: $23.00
Steve J. Bestolarides
San Joaquin County Recorders
Paid By: SHOWN ON DOCUMENT

AND WHEN RECORDED
MAIL TO:

Milo Lewis
2181 N Tracy Blvn #165
Tracy CA 95376

THIS SPACE FOR RECORDER'S USE

## Quit Claim DeeD

**(Please fill in document title(s) on this line)**

1 ☐ **Exempt from fee per GC27388.1. Document is being recorded in connection with a concurrent transfer that is subject to the imposition of documentary transfer tax;**

2 ☑ **Exempt from fee per GC27388.1. Document transfers real property that is a residential dwelling to an owner-occupier;**

3 ☐ **Exempt from fee per GC27388.1. Document is being recorded in connection with a concurrent transfer of real property that is a residential dwelling to an owner-occupier;**

4 ☐ **Exempt from fee per GC27388.1. The $225.00 fee cap has been reached for this transaction;**

5 ☐ **Exempt from fee per GC27388.1. Document that is executed or recorded by the federal government in accordance with the Uniform Federal Lien Registration Act (Title 7 (commencing with Section 2100) of Part 4 of the Code of Civil Procedure);**

6 ☐ **Exempt from fee per GC27388.1. Document executed or recorded by the State or any county, municipality, or other political subdivision of the state;**

7 ☐ **Exempt from the fee per GC 27388.1 (a) (1). Recording is not related to real property**

Prepared By:
Milo Lewis
2181 N Tracy Blvd #189
Tracy, California 95376


After Recording Return To:
Milo Lewis
2181 N Tracy Blvd #189
Tracy, California 95376

_____
                          SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 232-330-270-000

DOCUMENTARY TRANSFER TAX $ 386.10
___ Computed on full value of property conveyed
___ or computed on full value less liens and
     encumbrances remaining at time of sale.
     _____
     Signature of Declarant          Firm Name

# QUITCLAIM DEED

On ___8\24\18___ THE GRANTOR(S),

- Suzette Wurz, a married person,

for and in consideration of: One Dollar ($1.00) and/or other good and valuable consideration conveys, releases and quitclaims to the GRANTEE(S):

- Milo Lewis, a single person, residing at 1471 Greenwillow Way, Tracy, San Joaquin County, California 95376

the following described real estate, situated in Tracy, in the County of San Joaquin County, State of California:

Legal Description:

Lot 305, AS SHOWN UPON THE MAP OF THE TRACT NO. 2684, WOODFIELD ESTATES, UNIT NO. 4, AS PER MAP FILED MAY 7, 1996, IN BOOK 32 OF MAPS AND PLATS, AT PAGE 82, SAN JOAQUIN COUNTY RECORDS.

More commonly described as 1471 Greenwillow Way, Tracy, California 95376.

Grantor does hereby convey, release and quitclaim all of the Grantor's rights, title, and interest in and to the above described property and premises to the Grantee(s), and to the Grantee(s) heirs and assigns forever, so that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns

Page 1 of 3

shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof.

Grantor declares that this transfer is exempt from the documentary transfer tax and that the documentary transfer tax on this transfer is $0.

Grantor further declares the debt on the property in this conveyance is more than the value of the property.

Tax Parcel Number: 232-330-270-000

Mail Tax Statements To:
Milo Lewis
2181 N Tracy Blvd #189
Tracy, California 95376

## [SIGNATURE PAGE FOLLOWS]

**Grantor Signatures:**

DATED: 8/24/18

Suzette Wurz
1471 Greenwillow Way
Tracy CA 95376, California, 95376

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF SAN JOAQUIN Alameda

On August 28, 2019 before me, Estrellita Jimenez, Notary Public, personally appeared Suzette Wurz, who proved to me on the basis of satisfactory evidence to be the person (s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

Page 3 of 3

I hereby certify that this is a true copy of the record consisting of ___4___ pages if the seal of this office is impressed in purple ink.
June 8th, 2023

Steve J Bestolarides

STEVE J. BESTOLARIDES
Assessor-Recorder-Co Clerk
San Joaquin County, CA

# EXHIBIT B

**mr.**
# COOPER   PO Box 612488
Dallas, TX 75261-2488

CHANGING THE FACE OF HOME LOANS

02/27/2023

**OUR INFO**
ONLINE
**www.mrcooper.com**

**YOUR INFO**

PROPERTY ADDRESS
**1471 GREENWILLOW WY**
**TRACY, CA 95376**

SUBJECT:
*Research Reference#: 0006353043*

MILO LEWIS
1471 GREENWILLOW WY
TRACY, CA 95376

Dear Milo Lewis:

We received your inquiry on 12/05/2022, related to your interest in the above-referenced property.

This letter is to inform you that we have reviewed the documents provided and you are now a confirmed successor in interest.

As a confirmed successor in interest, you are now entitled to request certain information concerning the loan, including payoff information, and make inquiries or complaints related to the servicing of the loan. Unless you assume the mortgage loan obligation under state law, you are not liable for the mortgage debt and cannot be required to use your assets to pay the mortgage debt. However, we have a security interest in the property and a right to foreclose if the terms of the mortgage loan contract are not met.

Please be advised that while you have an interest in the property, there is an existing borrower who remains liable on the loan and can make decisions related to the debt. While you have a right to certain information as described above, all required notices will be sent to the address for notices provided by the borrower(s).

Since there is a remaining borrower, that borrower will have to take the lead in requesting any loss mitigation assistance and will need to agree to any loss mitigation options (loan modification and liquidation options) entered into. If you wish to apply for an assumption and are qualified, you will become liable on the debt and it is possible that the current borrower could be released. This means your credit will be impacted by the loan. This option may be available if the loan is current. **There is no requirement that you assume the loan.**

As a successor in interest, you are now entitled to request certain information concerning the loan, including payoff information, and make inquiries or complaints related to the servicing of the loan. Unless you assume the mortgage loan obligation under state law, you are not liable for the mortgage debt and cannot be required to use your assets to pay the mortgage debt. However, we have a security interest in the property and a right to foreclose if the terms of the mortgage loan contract are not met.

*Received a copy in May 2023 from Mr. Cooper.*

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
**Nationstar Mortgage LLC d/b/a Mr. Cooper is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.**
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

46-80

# EXHIBIT C

Fw: Milo Lewis v. Bear Sterns, et al. - Case No. 2:23-cv-01010-TLN-KJN (2861-8433)

**Suzette Murphy** <suzettemurphy@hotmail.com>

Thu 6/29/2023 5:17 PM

To:milolewis@hotmail.com <milolewis@hotmail.com>

Mr. Lewis,

Below is everything I have agreed to regarding the Greenwillow Way property. I'm okay with you assuming the mortgage and taking my name off the loan and officially owning the property.

This was the original agreement and that will happen as soon as you assume the loan.

SM

**From:** W. Jason Scott <JScott@Klinedinstlaw.com>
**Sent:** Wednesday, June 7, 2023 3:44 PM
**To:** suzettemurphy@hotmail.com <suzettemurphy@hotmail.com>
**Cc:** Kaleigh E. Thomas <kthomas@klinedinstlaw.com>
**Subject:** Milo Lewis v. Bear Sterns, et al. - Case No. 2:23-cv-01010-TLN-KJN (2861-8433)

Hi Suzette,

It was great speaking with you today. As I mentioned, my office represents Community Loan Servicing and Nationstar (Mr. Cooper) in litigation brought by Milo Lewis. You are also involved in that litigation as the borrower of a loan that is secured by the property. I write to memorialize our discussion and to confirm what I anticipate happening in the near future:

1. You confirmed that the 2018 quitclaim from you to Milo is legitimate. The two of you had an agreement at that time whereby you transferred your interest to him. There may have been confusion at, or close to, that time, and over the course of the last few years you were frustrated with the process and just wanted to be done with whatever the banks were doing.
2. I explained that Milo is asking the banks to allow him to assume the loan that you and your mother entered into when you bought the property. You confirmed that this is okay with you, that you do not want the property, and that you have no issue with Milo assuming the loan.
3. The current servicer (Mr. Cooper) may be offering Milo an assumption of the loan in the upcoming days/months. Your signature authorizing the assumption may be required and I will follow up with you if that is the case.
4. Once/If the assumption is finalized, you will be taken off the loan as a borrower and the loan will become the formal responsibility of Milo.

You have my contact information. Feel free to reach out if you have any questions. I am working on this matter with my colleague Kaleigh (copied) so she may reach out to you from time to time as well.

Best,
Jason

**W. Jason Scott**
Shareholder
Biography | Website | Locations



IRVINE, CA

LAS VEGAS, NV

LOS ANGELES, CA

PHOENIX, AZ

SACRAMENTO, CA

SAN DIEGO, CA

SEATTLE, WA

**Klinedinst Sacramento**
801 K Street, Suite 2100
Sacramento, CA 95814

(916) 282-0100 Phone
(916) 425-5830 Mobile

NOTICE: This e-mail (including any files transmitted with it) is being sent by a law firm. It is intended only for the individual or entity to which the sender intended to transmit it, and the email may contain information that is proprietary, privileged, or confidential. If you are not the intended recipient and you received this email in error, please promptly delete the email and refrain from any dissemination, distribution, or copying of the email. Please confirm the same with the sender of the email.

# EXHIBIT D

23373863

FL-190

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Antoine Edgar Murphy
4545 Shawnee Wy
Pleasanton, CA 94588

TELEPHONE NO.: 415-680-8169    FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

PETITIONER: Antoine Edgar Murphy

RESPONDENT: Suzette Michelle Murphy

**FILED**
**ALAMEDA COUNTY**

SEP 29 2020

CLERK OF THE SUPERIOR COURT

Deputy

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER: HF 19003435 |
|---|---|

You are notified that the following judgment was entered on *(date)*: SEP 2 9 2020

1. [✔] Dissolution
2. [ ] Dissolution    status only
3. [ ] Dissolution    reserving jurisdiction over termination of marital status or domestic partnership
4. [ ] Legal separation
5. [ ] Nullity
6. [ ] Parent-child relationship
7. [ ] Judgment on reserved issues
8. [ ] Other *(specify)*:

Date: SEP 2 9 2020

Clerk, by _____, Deputy

### NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

**STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION**
Effective date of termination of marital or domestic partnership status *(specify)*: SEP 2 9 2020
**WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.**

### CLERK S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed

at *(place)*: 24405 AMADOR STREET, HAYWARD, CA 94544 California,    on *(date)*: SEP 3 0 2020

Date: SEP 3 0 2020    Clerk, by _____ Deputy

| Name and address of petitioner or petitioner's attorney | Name and address of respondent or respondent's attorney |
|---|---|
| Antoine Edgar Murphy<br>4545 Shawnee Wy<br>Pleasanton, CA 94588 | Suzette Michelle Murphy<br>2385 St. Augustine Dr.<br>Brentwood, CA 94513 |

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>FL-190 [Rev. January 1, 2005] | **NOTICE OF ENTRY OF JUDGMENT**<br>(Family Law   Uniform Parentage   Custody and Support) | Family Code, §§ 2338, 7636,7637<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|




23373862

**FL-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Antoine Edgar Murphy<br>4545 Shawnee Wy<br>Pleasanton, CA 94588<br>TELEPHONE NO.: 415-680-8169     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* in pro per | **FILED**<br>**ALAMEDA COUNTY**<br><br>SEP 29 2020<br>CLERK OF THE SUPERIOR COURT<br>By _____ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS:
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

MARRIAGE OR PARTNERSHIP OF
PETITIONER: Antoine Edgar Murphy
RESPONDENT: Suzette Michelle Murphy

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☑ **DISSOLUTION**  ☐ **LEGAL SEPARATION**  ☐ **NULLITY**<br>   ☐ Status only<br>   ☐ Reserving jurisdiction over termination of marital or domestic partnership status<br>   ☐ Judgment on reserved issues<br>Date marital or domestic partnership status ends:  SEP 2 9 2020 | HF19003435 |

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s) ____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: ☑ Default or uncontested ☑ By declaration under Family Code section 2336
   ☐ Contested  ☐ Agreement in court
   a. ☐ Date: ____ Dept.: ____ Room: ____
   b. ☐ Judicial officer *(name):* ____ ☐ Temporary judge
   c. ☐ Petitioner present in court ☐ Attorney present in court *(name):*
   d. ☐ Respondent present in court ☐ Attorney present in court *(name):*
   e. ☐ Claimant present in court *(name):* ☐ Attorney present in court *(name):*
   f. ☐ Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* 2/1/19ᵗᴴ
   a. ☑ The respondent was served with process.
   b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ☑ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the status of single persons
      (1) ☑ on *(specify date):* SEP 2 9 2020
      (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☐ Judgment of legal separation is entered.
   c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. ☐ This judgment will be entered nunc pro tunc as of *(date):*
   e. ☐ Judgment on reserved issues.
   f. ☐ The ☐ petitioner's ☐ respondent's former name is restored to *(specify):*
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice of Rights and Responsibilities — Health-Care Costs and Reimbursement Procedures and Information Sheet on Changing a Child Support Order* (form FL-192) is attached.

| Form Adopted for Mandatory Use<br>Judicial Council of California | **JUDGMENT**<br>(Family Law) | Family Code, §§ 2024, 2340,<br>2343, 2346<br>www.courts.ca.gov |
|---|---|---|

SEP 21 2020

**FL-180**

| CASE NAME (Last name, first name of each party): Murphy, Antoine & Murphy, Suzette | CASE NUMBER: HF19003435 |
| --- | --- |

4. i. ☐ The children of this marriage or domestic partnership are:

    **(1)** ☐ **Name**                        **Birthdate**

    **(2)** ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership

  **j.** ☐ Child custody and visitation (parenting time) are ordered as set forth in the attached

    **(1)** ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the information required by Family Code section 3048(a).

    **(2)** ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

    **(3)** ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

    **(4)** ☐ Previously established in another case. Case number:        Court:

  **k.** ☐ Child support is ordered as set forth in the attached

    **(1)** ☐ Settlement agreement, stipulation for judgment, or other written agreement which contains the declarations required by Family Code section 4065(a).

    **(2)** ☐ *Child Support Information and Order Attachment* (form FL-342).

    **(3)** ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

    **(4)** ☐ Previously established in another case. Case number:        Court:

  **l.** ☑ Spousal, domestic partner, or family support is ordered:

    **(1)** ☑ Reserved for future determination as relates to ☑ petitioner ☑ respondent

    **(2)** ☐ Jurisdiction terminated to order spousal or partner support to ☐ petitioner ☐ respondent

    **(3)** ☐ As set forth in the attached *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

    **(4)** ☐ As set forth in the attached settlement agreement, stipulation for judgment, or other written agreement.

    **(5)** ☑ Other *(specify):*
                   Further Orders Attachment to Judgment

  **m.** ☑ Property division is ordered as set forth in the attached

    **(1)** ☑ Settlement agreement, stipulation for judgment, or other written agreement.

    **(2)** ☐ *Property Order Attachment to Judgment* (form FL-345).

    **(3)** ☐ Other *(specify):*

  **n.** ☑ Attorney fees and costs are ordered as set forth in the attached

    **(1)** ☑ Settlement agreement, stipulation for judgment, or other written agreement.

    **(2)** ☐ *Attorney Fees and Costs Order* (form FL-346).

    **(3)** ☐ Other *(specify):*

  **o.** ☐ Other *(specify):*
                   xxLASanBern*

Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date: 10-29-20

**5.** Number of pages attached: 5

JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar property interest. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

**Superior Court of California**
**County of Alameda**

In re the Marriage of:

Antoine Edgar Murphy

                      Petitioner,

and

Suzette Michelle Murphy

                      Respondent.

CASE NO. HF19 003435

MARITAL SETTLEMENT AGREEMENT

SETTLEMENT AGREEMENT

We, Antoine Edgar Murphy, Petitioner, and Suzette Michelle Murphy, Respondent, agree as follows:

**A. BASIS**
We were married on 08/25/2007 at Dublin, CA. We separated on 08/05/2018. We make this agreement with reference to the following facts:

1. CHILDREN OF THE MARRIAGE: There are no dependent children of this marriage.

2. ALLEGATION REGARDING MARRIAGE. Irreconcilable differences have caused the irremediable breakdown of our marriage.

3. DISCLOSURE: Each party hereby waives any right to be served with a final Declaration of Disclosure (FL-150) from the other spouse.

4. We now intend, by this agreement, to make a final and complete settlement of all matters regarding our marital affairs, personal and real property, and finances.

5. We mutually intend this agreement to be a final disposition regarding the marital issues addressed herein and intend that this agreement be incorporated into any subsequent FINAL JUDGEMENT OF DISSOLUTION OF MARRIAGE

**B. SEPARATION**
We agree to live separately and apart, and except for the duties and obligations imposed and assumed under this agreement, each shall be free from interference and control of the other.

**C. DIVISION OF PROPERTY AND DEBTS**

1. Property to be awarded to the Petitioner. The Petitioner is awarded the following property:

2. Property to be awarded to the Respondent. The Respondent is awarded the following property:

3. Liabilities to be paid by the Petitioner. The Petitioner shall pay the following liabilities:

*SETTLEMENT AGREEMENT – Page 1 of 5*
Antoine Edgar Murphy & Suzette Michelle Murphy

Unless otherwise provided herein, the Petitioner shall pay all liabilities incurred by him/her since the date of separation.

4.  Liabilities to be paid by the Respondent.  The Respondent shall pay the following liabilities:

| Creditor | Amount |
|----------|--------|

none
Unless otherwise provided herein, the Respondent shall pay all liabilities incurred by him/her since the date of separation.

5.  HOLD HARMLESS PROVISION:   Each party shall hold the other party harmless from any collection action relating to liabilities set forth above, including reasonable attorney's fees and costs incurred in defending against any attempts to collect an obligation of the other party.

## D. PENSIONS AND RETIREMENT ACCOUNTS
Each party agrees that he or she will retain possession and control of any pension(s) and/or retirement account(s) in his or her name.

## E. SPOUSAL SUPPORT
Reserved for future determination

## F. INCOME TAXES
Both parties agree that each shall be responsible for all taxes attributable to their own income only and each entitled to their own refunds for the year of the divorce.

## G. NAME CHANGE
Does not apply.

## H. ATTORNEY FEES AND COURT COSTS
We agree that each party will pay his or her own attorney fees, if any, and the parties will equally divide court costs, if any.

## I. WAIVERS
We agree that this matter may proceed on the default or uncontested calendar before a pro tem judge. We agree to waive our right to notice of trial.  We agree to waive our right to a statement of decision. We further agree to waive our right to move for a new trial and also waive the right to appeal.

## J. FAMILY CODE SECTION 2105 WAIVER
1.  Both parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.
2.  Both parties have completed and exchanged a current income and expense declaration, that includes all material facts and information regarding that party's earnings, accumulations, and expenses.
3.  Both parties have fully complied with Section 2102 and have fully augmented the preliminary declarations of disclosure, including disclosure of all material facts and information regarding the characterization of all assets and liabilities, the valuation of all assets that are contended to be community property or in which it is contended the community has an interest, and the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability.
4.  The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties.
5.  Each party understands that this waiver does not limit the legal disclosure obligations of the parties, but rather is a statement under penalty of perjury that those obligations have been

1. Both parties have complied with Section 2104 and the preliminary declarations of disclosure have been completed and exchanged.
2. Both parties have completed and exchanged a current income and expense declaration, that includes all material facts and information regarding that party's earnings, accumulations, and expenses.
3. Both parties have fully complied with Section 2102 and have fully augmented the preliminary declarations of disclosure, including disclosure of all material facts and information regarding the characterization of all assets and liabilities, the valuation of all assets that are contended to be community property or in which it is contended the community has an interest, and the amounts of all obligations that are contended to be community obligations or for which it is contended the community has liability.
4. The waiver is knowingly, intelligently, and voluntarily entered into by each of the parties.
5. Each party understands that this waiver does not limit the legal disclosure obligations of the parties, but rather is a statement under penalty of perjury that those obligations have been fulfilled. Each party further understands that noncompliance with those obligations will result in the court setting aside the judgment.

K. DECLARATION OF UNREPRESENTED PARTY

Prior to signing this agreement, both parties were aware of their right to consult an attorney and both parties declined to do so.

L. RESOLUTION OF DISPUTES

We agree that, in the event disputes arise, we will seek mediation to resolve the disputes before any judicial proceeding. On the written request of either party, we will within thirty days submit our dispute to mediation with a mediator agreed upon by both of us. Each party will be responsible for half the cost of mediation.

THE UNDERSIGNED PARTIES APPROVE AS TO FORM AND CONTENT:

Signature _____    Date 3/20/19

Antoine Edgar Murphy, Petitioner

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of _California_    )
County of _Alameda_    )

**NOTARY PUBLIC**

On _3-20-2019_ , before me, _Nisha. Rani Singh_ , (insert name and title of the officer) personally appeared Antoine Edgar Murphy, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _Ca._ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

(Seal)

NISHA RANI SINGH
COMM. # 2248049
NOTARY PUBLIC • CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
JULY 22, 2022

*SETTLEMENT AGREEMENT – Page 4 of 5*
Antoine Edgar Murphy & Suzette Michelle Murphy

_____    3·20·19
Signature                              Date
Suzette Michelle Murphy, Respondent

---

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which
this certificate is attached, and not the
truthfulness, accuracy, or validity of that
document.

---

State of California    )
County of Alameda.    )

On 3-20-2019, before me, Nisha Rani Singh NOTARY PUBLIC, (insert name
and title of the officer) personally appeared Suzette Michelle Murphy, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the
instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of _____ Ca' _____ that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____                    (Seal)
Signature

NISHA RANI SINGH
COMM. # 2248049
NOTARY PUBLIC•CALIFORNIA
ALAMEDA COUNTY
My Commission Expires
JULY 22, 2022

THIS MARITAL SETTLEMENT AGREEMENT/ADDENDUM TO JUDGMENT IS ORDERED
INCORPORATED INTO AND MADE A PART OF THIS JUDGMENT AND THE PARTIES ARE
ORDERED TO COMPLY WITH ALL OF THE EXECUTORY TERMS.

_____
Judge/Commissioner              Date

*SETTLEMENT AGREEMENT – Page 5 of 5*
Antoine Edgar Murphy & Suzette Michelle Murphy

# EXHIBIT E

# STATE OF CALIFORNIA

### OFFICE OF CLERK-RECORDER
# COUNTY OF ALAMEDA
OAKLAND, CALIFORNIA

4 2007 01 004 283

## LICENSE AND CERTIFICATE OF MARRIAGE
MUST BE LEGIBLE—MAKE NO ERASURES, WHITEOUTS, OR OTHER ALTERATIONS

STATE FILE NUMBER | LOCAL REGISTRATION NUMBER

**GROOM PERSONAL DATA**

| 1A. NAME OF GROOM—FIRST (GIVEN) | 1B. MIDDLE | 1C. LAST (FAMILY) | 2. DATE OF BIRTH—MONTH, DAY, YEAR |
|---|---|---|---|
| ANTOINE | EDGAR | MURPHY | 11/04/1968 |

| 3A. RESIDENCE—STREET AND NUMBER | 3B. CITY | 3C. ZIP CODE | 3D. COUNTY—OUTSIDE CALIFORNIA, ENTER STATE | 4. STATE OF BIRTH |
|---|---|---|---|---|
| 4545 SHAWNEE WAY | PLEASANTON | 94588 | ALAMEDA | CA |

| 5. MAILING ADDRESS—IF DIFFERENT | 6. NUMBER OF PREVIOUS MARRIAGES | 7A. LAST MARRIAGE ENDED BY: | 7B. DATE—MONTH, DAY, YEAR |
|---|---|---|---|
| | 0 | ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | |

| 8A. USUAL OCCUPATION | 8B. USUAL KIND OF BUSINESS OR INDUSTRY | 9. EDUCATION—YEARS COMPLETED |
|---|---|---|
| RADIO PERSONALITY | BROADCASTING | 12 |

| 10A. FULL NAME OF FATHER | 10B. STATE OF BIRTH | 11A. FULL MAIDEN NAME OF MOTHER | 11B. STATE OF BIRTH |
|---|---|---|---|
| HILTON GUILLORY | LA | IRENE MURPHY | CA |

**BRIDE PERSONAL DATA**

| 12A. NAME OF BRIDE—FIRST (GIVEN) | 12B. MIDDLE | 12C. CURRENT LAST (FAMILY) | 12D. MAIDEN LAST (FAMILY) IF DIFFERENT THAN 12C | 13. DATE OF BIRTH—MONTH, DAY, YEAR |
|---|---|---|---|---|
| SUZETTE | MICHELLE | WURZ | | 09/06/1971 |

| 14A. RESIDENCE—STREET AND NUMBER | 14B. CITY | 14C. ZIP CODE | 14D. COUNTY—OUTSIDE CALIFORNIA, ENTER STATE | 15. STATE OF BIRTH |
|---|---|---|---|---|
| 1471 GREENWILLOW WAY | TRACY | 95376 | SAN JOAQUIN | CA |

| 16. MAILING ADDRESS—IF DIFFERENT | 17. NUMBER OF PREVIOUS MARRIAGES | 18A. LAST MARRIAGE ENDED BY: | 18B. DATE—MONTH, DAY, YEAR |
|---|---|---|---|
| | 0 | ☐ DEATH ☐ DISSOLUTION ☐ ANNULMENT | |

| 19A. USUAL OCCUPATION | 19B. USUAL KIND OF BUSINESS OR INDUSTRY | 20. EDUCATION—YEARS COMPLETED |
|---|---|---|
| ACCOUNTANT | MACHINE CONTROL | 12 |

| 21A. FULL NAME OF FATHER | 21B. STATE OF BIRTH | 22A. FULL MAIDEN NAME OF MOTHER | 22B. STATE OF BIRTH |
|---|---|---|---|
| JOSEPH WURZ | CA | JANICE PRIOR | CA |

**AFFIDAVIT**

WE, THE UNDERSIGNED, AN UNMARRIED MAN AND UNMARRIED WOMAN, STATE THAT THE FOREGOING INFORMATION IS CORRECT AND TRUE TO THE BEST OF OUR KNOWLEDGE AND BELIEF, THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR TO THE ISSUANCE OF A LICENSE IS KNOWN TO US, AND HEREBY APPLY FOR A LICENSE AND A CERTIFICATE OF MARRIAGE

| 23. SIGNATURE OF GROOM | 24. SIGNATURE OF BRIDE |
|---|---|
| *Antoine Murphy* | *Suzette Wurz* |

**LICENSE TO MARRY**

AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED BY THE LAWS OF THE STATE OF CALIFORNIA TO PERFORM A MARRIAGE CEREMONY WITHIN THE STATE OF CALIFORNIA TO SOLEMNIZE THE MARRIAGE OF THE ABOVE NAMED PERSONS. REQUIRED CONSENTS FOR ISSUANCE OF THIS LICENSE ARE ON FILE.

| 25A. ISSUE DATE MONTH, DAY, YEAR | 25B. LICENSE EXPIRES AFTER MONTH, DAY, YEAR | 25C. LICENSE NUMBER | 25D. COUNTY OF ISSUE |
|---|---|---|---|
| 07/13/2007 | 10/11/2007 | 559246 | ALAMEDA |

| 25E. NAME OF COUNTY CLERK | 25F. SIGNATURE OF DEPUTY CLERK (IF APPLICABLE) |
|---|---|
| PATRICK O'CONNELL | BY ▶ DEPUTY |

**WITNESS(ES) (ONE REQUIRED)**

| 26A. SIGNATURE OF WITNESS | 26B. ADDRESS—STREET AND NUMBER | 26C. CITY, STATE AND ZIP CODE |
|---|---|---|
| | 4897 Big Bear Rd Oakleigh | Oakley, CA 94561 |

| 27A. SIGNATURE OF WITNESS | 27B. ADDRESS—STREET AND NUMBER | 27C. CITY, STATE AND ZIP CODE |
|---|---|---|
| | 4545 Shawnee Way | Pleasanton CA 94588 |

**CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE**

28. I HEREBY CERTIFY THAT THE ABOVE-NAMED BRIDE AND GROOM WERE JOINED IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA

| 29A. SIGNATURE OF PERSON SOLEMNIZING MARRIAGE | 29B. RELIGIOUS DENOMINATION (IF CLERGY) |
|---|---|
| ▶ Rev Sergei S Kohn | Lutheran |

| 28A. ON | MONTH | August | DAY | 25 | YEAR | 2007 | 29C. NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT) | 29D. OFFICIAL TITLE |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | Sergei S. Koberg | Pastor |

| 28B. AT | CITY OR TOWN | Dublin | COUNTY | Alameda | CALIFORNIA | 29E. MAILING ADDRESS | 29F. ZIP CODE |
|---|---|---|---|---|---|---|---|
| | | | | | | 8850 Davon Dr Dublin CA | 94568 |

**LOCAL REGISTRAR OF MARRIAGES (COUNTY RECORDER)**

| 30A. SIGNATURE OF LOCAL REGISTRAR | 30B. SIGNATURE OF DEPUTY (IF APPLICABLE) | 31. DATE ACCEPTED FOR REGISTRATION |
|---|---|---|
| ▶ *Patrick O'Connell* | BY ▶ DEPUTY | AUG 29 2007 |

STATE OF CALIFORNIA, DEPARTMENT OF HEALTH SERVICES, OFFICE OF STATE REGISTRAR — VS-117 (1-05)

INFORMATIONAL - NOT A VALID
DOCUMENT TO ESTABLISH IDENTITY

**000438437**

**CERTIFIED COPY OF VITAL RECORD**
STATE OF CALIFORNIA, COUNTY OF ALAMEDA

*000438437*

This is a true and exact reproduction of the document officially registered and placed on file in the office of the Alameda County Clerk-Recorder.

DATE ISSUED    September 5, 2023

Melissa Wilk
COUNTY CLERK-RECORDER

This copy is not valid unless prepared on an engraved border displaying the date, seal and signature of the Clerk-Recorder.
ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



# EXHIBIT F

**Greenwillow - Email Chain**

**milo lewis**
Wed 2/10/2021 7:00 PM
To:milolewis@hotmail.com <milolewis@hotmail.com>

**From:** Suzette Murphy <Suzette_Murphy@topcon.com>
**Sent:** Friday, November 30, 2018 8:21 AM
**To:** milo lewis <milolewis@hotmail.com>
**Subject:** RE: need last four of your SSN

Thank you...

*Best Regards,*

*Suzette Murphy*

**From:** milo lewis <milolewis@hotmail.com>
**Sent:** Friday, November 30, 2018 8:20 AM
**To:** Suzette Murphy <Suzette_Murphy@topcon.com>
**Subject:** Re: need last four of your SSN

yes!! I am happy for you and will say nothing

**From:** Suzette Murphy <Suzette_Murphy@topcon.com>
**Sent:** Friday, November 30, 2018 8:12 AM
**To:** milo lewis
**Subject:** RE: need last four of your SSN

Hi,

It's

I'm doing well!
I'm moving forward with my life!
We have come to an agreement to Divorce.
Please if he ever contacts you don't mention that I have told you. I want to have an amicable divorce.

*Best Regards,*

*Suzette Murphy*

**From:** milo lewis <milolewis@hotmail.com>
**Sent:** Friday, November 30, 2018 8:10 AM
**To:** Suzette Murphy <suzettemurphy@hotmail.com>; Suzette Murphy <Suzette_Murphy@topcon.com>
**Subject:** Re: need last four of your SSN

Hey need to make payment and need last 4 of your SSN - thank you!
Hope all is well

**From:** Suzette Murphy <suzettemurphy@hotmail.com>
**Sent:** Thursday, August 30, 2018 2:51 AM
**To:** Milo Lewis
**Subject:**

Hi Milo,

I talked to my therapist yesterday and I'm going to get the divorce. I fear for your safety as I don't know what he will do! Please protect yourself and your family!
I might have to get a restraining order myself.
I'm going to talk to my job in the morning.

Sorry about my email yesterday, he has lost his mind! This is going to get ugly!
God bless.....

Suzette

Sent from my iPad
Confidentiality Notice: This message (including attachments) is a private communication solely for use of the intended recipient(s). If you are not the intended recipient(s) or believe you received this message in error, notify the sender immediately and then delete this message. Any other use, retention, dissemination or copying is prohibited and may be a violation of law, including the Electronic Communication Privacy Act of 1986.

Re: Important: Payment Not Received

milo lewis

Mon 1/7/2019 3:36 PM

To:Suzette Murphy <suzettemurphy@hotmail.com>

Cc:smurphy@topcon.com <smurphy@topcon.com>

yes! call you later - need work number again

do you want it to my address or your new address??

**From:** Suzette Murphy <suzettemurphy@hotmail.com>
**Sent:** Monday, January 7, 2019 11:33 AM
**To:** milo lewis
**Cc:** smurphy@topcon.com
**Subject:** Fw: Important: Payment Not Received

FYI, also is there a way to update the address?

**From:** Bayview Loan Servicing <info@alerts.bayviewloanservicing.com>
**Sent:** Saturday, January 5, 2019 5:00 PM
**To:** suzettemurphy@hotmail.com
**Subject:** Important: Payment Not Received

**Dear SUZETTE,**

Your monthly mortgage payment that was due on 01/01/2019 has not been received.

**Pay Online Now**

If you have already made your payment this month, please disregard this message.

# Contact Us

If you have a question about your account, please contact our Customer Relations team at **1.800.457.5105** Monday through Friday from 8:00 AM to 9:00 PM EST.

This email is sent from an unattended mailbox. Do not reply to this message with account-related questions.



4425 Ponce De Leon Blvd, 5th Floor, Coral Gables, FL,

Bayview Loan Servicing, LLC : a debt collector. This letter

unsubscribe.

**From:** Suzette Murphy <suzettemurphy@hotmail.com>
**Sent:** Thursday, February 28, 2019 3:30 PM
**To:** milo lewis <milolewis@hotmail.com>
**Subject:** Question

Hi,

So if i leave the Tracy house off my disclosure it wouldn't be false right, I know with the loan still in my name is that still considered debt towards me? I just want my paperwork to be as smooth as can be.

I also attached February's statement.

Thanks

Suzette

**From:** milo lewis <milolewis@hotmail.com>
**Sent:** Wednesday, February 10, 2021 7:20 PM
**To:** milolewis@hotmail.com <milolewis@hotmail.com>
**Subject:** Fw: greenwillow - Suzette divorce papers

**From:** Suzette Murphy <suzettemurphy@hotmail.com>
**Sent:** Friday, March 1, 2019 1:39 PM
**To:** milo lewis <milolewis@hotmail.com>
**Subject:**

Please take a look at the documents... let me know your opinion... I also scanned the documents he served me....

You will now know I don't make a lot of money.... and have debt.... lol

**From:** Suzette Murphy <suzettemurphy@hotmail.com>
**Sent:** Tuesday, July 23, 2019 1:09 PM
**To:** milo lewis <milolewis@hotmail.com>
**Subject:** My Daughters student loans

Here are all her loans.

Any help would be greatly appreciated!!

I feel like in drowning sometimes...

- Need budget flexibility? Pay interest only for 12 months. Learn more

# Loan Details

Select Loan

Sallie Mae

## $27,188.46
Current Balance
*Balances as of 07/23/2019 05:07 AM ET*

## 10.250%
Interest Rate

## Loan Information

**Status:** In Grace - No Payment Required

**Cosigner:** Suzette Murphy

**Approved Loan Amount:** $22,010.00

**Maximum Repayment Term:** Up to 144 Months

**First Disbursement Date:** 08/26/2016

**P&I Repayment Start Date:** 12/05/2019

**Estimated Pay-Off Date:** 11/05/2031

Calculate Payoff Amount

## Payment Information

**Scheduled Payment Amount:** $0.00

**Current Amount Due Date:** 08/03/2019

**Last Payment Received:** $0.00

**Last Payment Date:** --

**Automatic Debit:** Not Enrolled

**Past Due Amount:** $0.00

**Number Of Days Past Due:** 0

✕

### Need help?

## Disbursement Details

| Date | Amount | Status |
|------|--------|--------|
| Aug 26, 2016 | $10,855.00 | Disbursed |
| Jan 13, 2017 | $10,855.00 | Disbursed |

Return to Make a Payment

Staying on Top of Your Credit Just Got Easier
View your free quarterly FICO® Score online

- **Available for borrowers and cosigners with eligible loans**
- **Get access to the key factor(s) affecting your score**

See Your Score Now

Start Saving

• Need budget flexibility? Pay interest only for 12 months. Learn more

# Loan Details

Select Loan

Sallie Mae

## $25,388.20 ✓

**Current Balance**
*Balances as of 07/23/2019 05:07 AM ET*

## 9.875%

**Interest Rate**

### Loan Information

**Status:** In Grace - No Payment Required

**Cosigner:** Suzette Murphy

**Approved Loan Amount:** $23,846.00

**Maximum Repayment Term:** Up to 144 Months

**First Disbursement Date:** 08/31/2018

**P&I Repayment Start Date:** 12/05/2019

**Estimated Pay-Off Date:** 11/05/2031

Calculate Payoff Amount

### Payment Information

**Scheduled Payment Amount:** $0.00

**Current Amount Due Date:** 08/03/2019

**Last Payment Received:** $0.00

**Last Payment Date:** --

**Automatic Debit:** Not Enrolled

**Past Due Amount:** $0.00

**Number Of Days Past Due:** 0

✕

Need help?

### Disbursement Details

| Date | Amount | Status |
|------|--------|--------|
| Aug 31, 2018 | $11,923.00 | Disbursed |
| Jan 18, 2019 | $11,923.00 | Disbursed |

Return to Make a Payment

Staying on Top of Your Credit Just Got Easier

View your free quarterly FICO Score online

• Available for borrowers and cosigners with eligible loans
• Get access to the key factor(s) affecting your score

See Your Score Now

Start Saving

- Need budget flexibility? Pay interest only for 12 months. Learn more

# Loan Details

Select Loan

## $24,860.71

Current Balance
*Balances as of 07/23/2019 05:07 AM ET*

## 10.250%

Interest Rate

### Loan Information

**Status:** In Grace - No Payment Required

**Cosigner:** Suzette Murphy

**Approved Loan Amount:** $21,343.00

**Maximum Repayment Term:** Up to 144 Months

**First Disbursement Date:** 08/25/2017

**P&I Repayment Start Date:** 12/05/2019

**Estimated Pay-Off Date:** 11/05/2031

Calculate Payoff Amount

### Payment Information

**Scheduled Payment Amount:** $0.00

**Current Amount Due Date:** 08/03/2019

**Last Payment Received:** $0.00

**Last Payment Date:** —

**Automatic Debit:** Not Enrolled

**Past Due Amount:** $0.00

**Number Of Days Past Due:** 0

✕

### Need help?

### Disbursement Details

| Date | Amount | Status |
|---|---|---|
| Aug 25, 2017 | $10,672.00 | Disbursed |
| Jan 12, 2018 | $10,671.00 | Disbursed |

Return to Make a Payment

Staying on Top of Your Credit Just Got Easier
View your free quarterly FICO® Score online

- Available for borrowers and cosigners with eligible loans
- Get access to the key factor(s) affecting your score

See Your Score Now

What you went in 2019. Men…  …you
y to save for whatever's next

Start Saving



# EXHIBIT G

## Declaration of Mortgage Servicer Pursuant to
## Civil Code §2923.55(c)

Borrower(s): SUZETTE WURZ and ESTATE OF JANICE WURZ
Mortgage Servicer: Bayview Loan Servicing, LLC, a Delaware Limited Liability Company
Property Address: 1471 GREENWILLOW WY TRACY CA 95376
Loan No.:
T.S. No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☒ The mortgage servicer has contacted the borrower pursuant to California Civil Code § 2923.55(b) (2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have; passed since the initial contact was made.

2. ☐ The mortgage servicer has tried with due diligence to contact the borrower(s) as required by California Civil Code § 2923.55(f) (1) and § 2923.55(f) (3)-(5). The telephone contact requirements under § 2923.55(f) (2) were not attempted pursuant to the borrower's previously request for cease communication. No contact has been made despite such due diligence. The due diligence efforts were satisfied on _____.

3. ☐ Despite the exercise of due diligence pursuant to California Civil Code § 2923.55(f), the Mortgage servicer has been unable to contact the borrower to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

4. ☐ No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to subdivision (c) of Section 2920.5.

5. ☐ The requirements of Cal. Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or first deed of trust that secures a loan, or that encumbers real property, described in Civil Code § 2924.15(a).

6. ☐ The requirements of Cal. Civil Code § 2923.55 do not apply because:

    a._____ The secured property is non-owner occupied.

    b._____ The secured property is commercial or vacant land.

    c._____ The secured property is exempt from due diligence, the borrower is deceased.

The term "Borrower" above may include "Borrower" as defined in Civil Code § 2920.5 (c), or "Successor in Interest" as defined in Civil Code § 2920.7 (2)(a)(1), or "Successor Borrower", a successor in interest who has assumed Borrower's loan pursuant to Civil Code § 2920.7(d) (1) or (d) (2).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Bayview Loan Servicing, LLC, a Delaware Limited Liability Company

By: *Milena Betancourt*

Dated: 01/06/2020

Milena Betancourt
State Declaration Processor Loss Mitigation - QA

APN: 232-330-27          TS No: CA05000018-20-1          TO No: 200027465-CA-VOI

a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC c/o MTC Financial Inc. dba Trustee Corps located at 17100 Gillette Ave Irvine, CA 92614 Phone: 949-252-8300 TDD: 866-660-4288 Ref No: CA05000018-20-1

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: MTC Financial Inc. dba Trustee Corps is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated as of October 11, 2007, executed by SUZETTE WURZ, AN UNMARRIED WOMAN AND JANICE WURZ, AN UNMARRIED WOMAN AS JOINT TENANTS, as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, the original Beneficiary, recorded October 23, 2007 as Instrument No. 2007-162730, of the official records in the Office of the Recorder of San Joaquin County, California, as more fully described on said Deed of Trust.  Including a Note(s) for the sum of $417,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON September 1, 2019 AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL AND INTEREST, ALONG WITH LATE CHARGES, PLUS ALL OF THE TERMS AND CONDITIONS AS PER THE DEED OF TRUST, PROMISSORY NOTE AND RELATED LOAN DOCUMENTS.

That by reason thereof, the present Beneficiary under such Deed of Trust, has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Where required by law, a declaration pursuant to California Civil Code Section 2923.5(b) or California Civil Code Section 2923.55 is attached.

Dated: 9/17/2021          MTC Financial Inc. dba Trustee Corps
                          as Duly Appointed Successor Trustee

                          By: Amy Lemus, Authorized Signatory

MTC Financial Inc. dba Trustee Corps may be acting as a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.  However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

# EXHIBIT H

Doc #: 2021-157503
09/20/2021 07:54:03 AM
Page 1 of 1    Fee: $97.00
Steve J. Bestolarides
San Joaquin County Recorder
Paid By:

RECORDING REQUESTED BY:

ServiceLink

WHEN RECORDED MAIL TO:

Trustee Corps
17100 Gillette Ave
Irvine, CA 92614

| APN: 232-330-27 | TS No: CA05000018-20-1 | TO No: 200027465-CA-VOI |
|---|---|---|

## SUBSTITUTION OF TRUSTEE

WHEREAS, SUZETTE WURZ, AN UNMARRIED WOMAN AND JANICE WURZ, AN UNMARRIED WOMAN AS JOINT TENANTS was the original Trustor, LAND AM10 was the original Trustee and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as Beneficiary, as nominee for BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, its successors and assigns, was the original Beneficiary under that certain Deed of Trust dated October 11, 2007 and recorded on October 23, 2007 as Instrument No. 2007-182730 of official records in the Office of the Recorder of San Joaquin County, California;

WHEREAS, the undersigned current Beneficiary, desires to substitute a new Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in the manner in said Deed of Trust provided;

NOW THEREFORE, Bayview Loan Servicing, LLC hereby substitutes MTC Financial Inc. dba Trustee Corps, whose address is 17100 Gillette Ave, Irvine, CA 92614, as Trustee under said Deed of Trust.

Dated: **March 11, 2020**

Bayview Loan Servicing, LLC

By Dorka Bouza

Title: Vice President

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF ___Florida___
COUNTY OF ___Miami-Dade___

On ___March 11, 2020___ before me, Alejandro Murias Notary Public, personally appeared Dorka Bouza, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___Florida___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public Signature
Alejandro Murias

Alejandro Murias
Comm. # GG954074
Expires: Feb. 2, 2024
Bonded Thru Aaron Notary

I hereby certify that this is a true copy of the record consisting of ___1___ pages if the seal of this office is impressed in purple ink.
August 21st, 2023

Steve J. Bestolarides

STEVE J. BESTOLARIDES
Assessor-Recorder-Co Clerk
San Joaquin County, CA

# EXHIBIT I



November 17, 2021


**Consumer Financial Protection Bureau**
**1700 G. Street NW**
**Washington, DC 20552**


| | | | |
|---|---|---|---|
| **Customer Name:** | Estate of Janice Wurz | **Loan Number:** | XXXXXX7726 |
| | Suzette Wurz | **Community Case Number:** W-6338 |
| **Property Address:** | 1471 Greenwillow Way | **Regulatory Case Number:** 211103-7549508 |
| | Tracy, CA 95376 | | |

Dear Consumer Financial Protection Bureau ("CFPB"):

Community Loan Servicing, LLC ("Community") is in receipt of your correspondence dated November 3, 2021, received in our office regarding the above-referenced loan account. What follows is an itemized summary of the concerns of unauthorized third-party, Milo Lewis:

1. **Mr. Lewis asserts that Community stopped allowing him to make mortgage payments in 2019. Mr. Lewis states that something happened between the previous owner and Community and his rights to make payments and discuss the loan and assumption process stopped without explanation.**


Community Loan Servicing, LLC is a debt collector. This letter is an attempt to collect a debt and any information obtained will be used for that purpose. To the extent that your obligation has been discharged or is subject to an automatic stay of bankruptcy this notice is for compliance and informational purposes only and does not constitute a demand for payment or any attempt to collect such obligation.

**Confirmed SII Disclaimer:** If you are a confirmed Successor in Interest to the mortgaged property, unless you assume the mortgage loan obligation, under state law you are not personally liable for the mortgage debt and cannot be required to use your own assets to pay the mortgage debt.

**The following mailing address must be used for all Error Notices & Information Requests:**
Community Loan Servicing, LLC, Customer Support, 4425 Ponce de Leon Boulevard, 5th Floor, Coral Gables, FL 33146

Rev. 9/25/2020

2. **Mr. Lewis states that he is the owner of the subject property, but not the original mortgage holder.**
3. **Mr. Lewis states that on September 17, 2021, Community issued a Notice of Default without providing him notice.**
4. **Mr. Lewis asserts that the amount demanded was inaccurate.**
5. **Mr. Lewis states that the subject property is his primary residence which he is the legal owner of since August 2018.**

**To address all items above:**

The subject mortgage loan is evidenced by the enclosed Note payable to Bear Stearns Residential Mortgage Corporation, dated October 11, 2007 in the sum of $417,000.00. The aforementioned Note was signed by obligors Suzette Wurz and Janice Wurz. The promise to repay the mortgage debt was secured by a Deed of Trust that is dated the same date as the included Note.    Please be informed, the Deed of Trust was signed by obligors Suzette Wurz and Janice Wurz.

Mr. Lewis is not an obligor to the mortgage loan stated above and does not hold a vested interest in the mortgage loan as he is neither on the Note nor Deed of Trust.    As such, Community was under no obligation to provide Mr. Lewis with any correspondence related to the mortgage loan.

We thank Mr. Lewis for notifying Community Loan Servicing, LLC ("Community") that a possible transfer of ownership of the subject property has occurred. As such, it is our understanding that he requests to be reviewed as a possible Successor in Interest ("SII") through our internal SII review process. Please note that additional information regarding his request, including the documents necessary to prove a Successor in Interest status will be provided under separate cover subsequent to the date of this correspondence.

Once we have confirmed his status as Successor in Interest, we will gladly discuss any loan information and/or the status of the account with him. Please note that as a confirmed Successor in Interest Mr. Lewis is not legally responsible for the mortgage loan and cannot be required to use his own assets to pay the mortgage debt. In addition, as a confirmed Successor in Interest, Mr. Lewis can be reviewed for available loss mitigation options including, but not limited to, loan modification or short sale upon the timely submission of a complete loss mitigation application. Per investor guidelines, a loan modification will require a confirmed Successor in Interest to assume the loan to modify the loan terms.

Lastly, please note that if Mr. Lewis does not meet the definition of Successor in Interest, he will need to assume the loan in order to access loan account information. We can provide a loan assumption package at any time, but one will be sent if our SII review process is unable to confirm him as the Successor in Interest to the original borrower.

We have enclosed supporting documentation used to complete our review of the account. You are entitled to request additional documentation regarding your inquiry. If you wish to do so, you may visit our website at www.communityloanservicing.com and submit a request to our Customer Support Department using our online form. Alternatively, you may submit a request by regular mail to:

Community Loan Servicing, LLC
Attn: Customer Support
4425 Ponce de Leon Boulevard, 5th Floor
Coral Gables, FL 33146

Thank you for the opportunity to respond to your concerns.

Sincerely,

Ryan Fortenbury
Compliance and Oversight
Community Loan Servicing, LLC

# EXHIBIT J

1   **MILO DANTE LEWIS**
    IN PRO PER
2   1471 Greenwillow Way
3   Tracy, CA 95376
    Tel: 707.340.6000
4   Email: milolewis@hotmail.com
5   PLAINTIFF MILO DANTE LEWIS
6

Electronically Filed
Superior Court of California
County of San Joaquin
2021-11-30 10:28:09
Clerk: Taylor Hiedeman

Case Management Conference
05/31/2022 08:45 AM in 10B

STK-CV-URP-2021-0010948

7           **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **COUNTY OF SAN JOAQUIN - STOCKTON COURTHOUSE**

9

10  MILO DANTE LEWIS, as SUCCESSOR-IN- )        CASE NO.
11  INTEREST TO SUZETTE WURZ,            )
                                         )        COMPLAINT FOR:
12           Plaintiff,                  )
                                         )        1. VIOLATIONS OF THE CALIFORNIA
13  v.                                   )           ROSENTHAL FAIR DEBT
                                         )           COLLECTION PRACTICES ACT,
14                                       )           CALIFORNIA CIVIL CODE §1788, ET
15  BEAR STEARNS RESIDENTIAL             )           SEQ.
    MORTGAGE CORPORATION;                )        2. VIOLATION OF FAIR DEBT
16  COMMUNITY LOAN SERVICING, LLC        )           COLLECTION PRACTICES ACT, 15
    f/k/a BAYVIEW LOAN SERVICING, LLC;   )           U.S.C. §1692, ET SEQ.
17  and DOES 1-25, Inclusive             )        3. VIOLATIONS OF CALIFORNIA CIVIL
                                         )           CODES §§2924.17, 2924(a)(6),
18           Defendants.                 )           2934a(a)(1)(A)(C)(D)
                                         )        4. VIOLATIONS OF CALIFORNIA CIVIL
19                                       )           CODES §§2920.7
20                                       )        5. VIOLATION OF CALIFORNIA CIVIL
                                         )           BUSINESS & PROFESSIONS CODE
21                                       )           §17200, ET SEQ.
22                                       )        6. INTENTIONAL INFLICTION OF
                                         )           EMOTIONAL DISTRESS
23                                       )        7. INJUNCTIVE RELIEF UNDER
24                                       )           CALIFORNIA BUS. & PROF. CODE
                                         )           §17200 AND CIVIL CODE OF
25                                       )           PROCEDURE §526
26                                       )

27
28

                                        1

        LEWIS v. BEAR STEARNS RESIDENTIAL MORTGAGE CORP., et al

# EXHIBIT K

ORIGIN ID:SCK2. (707) 740-6000
MILO LEWIS
2101 N TRACY BLVD 100
TRACY, CA 95376
UNITED STATES US

SHIP DATE: 11JAN22
ACTWGT: 0.10 LB
CAD: 8892431/SSF02270

BILL CREDIT CARD

TO

**TRUSTEE CORPS**
**17100 GILLETTE AVE**

**IRVINE CA 92614**
(949) 226-5096



**FedEx**
Express

**E**

TRK# 2886 1952 2420
0201

**WED – 12 JAN 10:30A**
**PRIORITY OVERNIGHT**

## WZ DTHA

**92614**
CA-US **SNA**



Proof

Reinstatement

Fiends

Sent !!

01 - 11 - 22

RE: Loan # 23577226

Loan # 2357725

Paid Reinstatement
in Full !!

---

MEMO: 1471 GREENWILLOW WAY TRACY CA 95376 REINSTATEMENT

**US bank.**

**CASHIER'S CHECK**

No. 3871515480

DATE: January 11, 2022

PAY   SIXTY SEVEN THOUSAND SEVEN HUNDRED DOLLARS AND 00 CENTS

TO THE
ORDER OF:   TRUSTEE CORPS

$ 67,700.00

**NON NEGOTIABLE**

AUTHORIZED SIGNATURE

Location: 3871 Tracy
U.S. Bank National Association
Minneapolis, MN 55402

---

**US bank.**

**CASHIER'S CHECK**

No. 3871515480

DATE: January 11, 2022

PAY   SIXTY SEVEN THOUSAND SEVEN HUNDRED DOLLARS AND 00 CENTS

TO THE
ORDER OF:   TRUSTEE CORPS

$ 67,700.00

MEMO: 1471 GREENWILLOW WAY TRACY CA 95376 REINSTATEMENT

Location: 3871 Tracy
U.S. Bank National Association
Minneapolis, MN 55402

Security Features Included.   FD   Details on back.

⑈3871515480⑈ ⑆122235821⑆ 1534100235534⑈



# TRUSTEE CORPS

17100 Gillette Avenue
Irvine, CA 92614

Ph (844) 670 8860     Fax (949) 752-7091 Email RP@trusteecorps.com

DATE: January 5, 2022

**JANICE WURZ**
**Attn: milo lewis**
**Email: milolewis@hotmail.com**

Loan # 2357726

**Reinstatement Quote**

| | |
|---|---|
| TRUSTEE SALE #: | CA05000018-20 |
| LOAN #: | XXXXXX7726 |
| PROPERTY: | 1471 GREENWILLOW WAY, TRACY, CA 95376 |

**\*FOR INFORMATIONAL PURPOSES ONLY. NOT AN ATTEMPT TO COLLECT A DEBT\***

To Whom It May Concern:

This letter is in direct response to your request for a reinstatement quote regarding the above-referenced loan serviced by Community Loan Servicing, LLC. The figures quoted below were provided by the lender and have been **calculated good thru 3:00 pm on 01/17/2022**.

As of the date of this letter, the amount owed is $67,676.78. Because interest, late charges, and other charges may vary from day to day, the amount due on the day you pay may be greater. **You must contact Trustee Corps at (949) 252-8300 x8402 or email RP@trusteecorps.com one (1) business day prior to sending in funds for an update on the total amount due to reinstate this loan. All figures are subject to final verification by the lender. Trustee Corps and the lender have the right to reject and return any funds that are inadequate to reinstate the loan.**

Trustee Corps will only accept funds in the form of a **CASHIER'S CHECK**. No other method of payment will be accepted. Funds must be delivered to Trustee Corps. located at 17100 Gillette Ave., Irvine, CA 92614.

## REINSTATEMENT QUOTE

| | |
|---|---|
| Payments | $59,535.38 |
| Late Charges | $615.24 |
| Pending Late Charges | $68.36 |
| Fees for bad checks | $25.00 |
| Recoverable Balance | $2,390.18 |
| Trustee Fees & Costs | $2,045.12 |
| Attorney Fees & Costs | $2,997.50 |

Paid In Full

## TOTAL amount due to REINSTATE loan: $67,676.78

If you have any questions or concerns, please contact s 949 -252-8300 x8402 or email us at rp@trusteecorps.com.

# EXHIBIT L





Community Loan Servicing, LLC
4425 Ponce de Leon Blvd. 5th Floor
Coral Gables, FL 33146

February 15, 2022

Estate Of Janice Wurz and Suzette Wurz
1471 Greenwillow Way
Tracy, CA 95376-5615



**Property Address:** 1471 Greenwillow WY
Tracy CA 95376

Dear Customer:

### Notice of Termination of Private Mortgage Insurance

Please be advised that your loan has reached a point where PMI coverage is no longer required for your mortgage loan. Accordingly, this insurance has terminated and no further premiums, payments or other fees, for PMI are due.

PMI is not the same, however, as property/casualty insurance – such as homeowner's or flood insurance – which protects you against damage to your property. Termination of PMI coverage does not affect any obligation you may have to maintain other types of insurance.

Please feel free to reach out to us if you have any questions related to this matter. Below you will find our mailing address, toll-free numbers, and hours of operation.

**Send Correspondence To:**
Community Loan Servicing, LLC
4425 Ponce de Leon Blvd., 5th Floor
Coral Gables, FL 33146

**Customer Service:**
Toll-free Numbers & Hours
1-855-813-6597
Monday – Friday, 8:00 am – 9:00 pm ET

**Contact Us Online:** communityloanservicing.com

Sincerely,

Roddrey Gregory, First Vice President
Customer Relations Dept.
Community Loan Servicing, LLC

# EXHIBIT M

[RECORDING REQUESTED BY]
NATIONWIDE TITLE CLEARING, LLC

[AND WHEN RECORDED MAIL TO]
Community Loan Servicing, LLC
C/O Nationwide Title Clearing, LLC
2100 Alt. 19 North
Palm Harbor, FL 34683

Loan Number 2357726

```
Doc #: 2022-089126
07/25/2022 08:45:29 AM
Page: 1 of 2  Fee: $100.00
Steve J. Bestolarides
San Joaquin County Recorders
Paid By. SHOWN ON DOCUMENT
```

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**FOR GOOD AND VALUABLE CONSIDERATION**, the sufficiency of which is hereby acknowledged, the undersigned, **COMMUNITY LOAN SERVICING, LLC FKA BAYVIEW LOAN SERVICING, LLC, WHOSE ADDRESS IS 4425 PONCE DE LEON BLVD, CORAL GABLES, FL 33146, (ASSIGNOR)**, by these presents does convey, grant, assign, transfer and set over the described Deed of Trust, representation or warranty, together with all rights, title and interest secured thereby, all liens, and any rights due or to become due thereon to **NATIONSTAR MORTGAGE LLC, WHOSE ADDRESS IS 8950 CYPRESS WATERS BLVD., COPPELL, TX 75019 (469)549-2000, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE)**.

Said Deed of Trust made by **SUZETTE WURZ, AN UNMARRIED WOMAN AND JANICE WURZ, AN UNMARRIED WOMAN AS JOINT TENANTS** to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS BENEFICIARY, AS NOMINEE FOR BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION, ITS SUCCESSORS AND ASSIGNS and recorded on 10/23/2007 as **Doc # 2007-182730** in the office of the <u>SAN JOAQUIN</u> County Recorder, <u>CA</u>.

**Dated on** __7__ / __18__ /2022 (MM/DD/YYYY)
**COMMUNITY LOAN SERVICING, LLC FKA BAYVIEW LOAN SERVICING, LLC**

**By:** _Tracy Rogers_
**Tracy Rogers**
**VICE PRESIDENT**

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

CLSAS 432732271 PRIORITY 90    DOCR T132207-02:22:59 [C-2] FRMCA1




*D0096141530*

Loan Number 2357726

## ACKNOWLEDGEMENT

STATE OF FLORIDA
COUNTY OF PINELLAS

The foregoing instrument was acknowledged before me by means of [X] physical presence or [ ] online notarization on ___ 11/18/2022 (MM/DD/YYYY), by Tracy Rogers as VICE PRESIDENT of COMMUNITY LOAN SERVICING, LLC FKA BAYVIEW LOAN SERVICING, LLC, who, as such VICE PRESIDENT being authorized to do so, executed the foregoing instrument for the purposes therein contained. He/she/they is (are) personally known to me.

Vicky McCoy GG285301
Notary Public - STATE OF FLORIDA
Commission Expires: 12/18/2022

**VICKY MCCOY**
**NOTARY PUBLIC**
**STATE OF FLORIDA**
**COMM# GG285301**
**EXPIRES: 12/18/2022**

**Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152**
CLSAS 432732271  PRIORITY 90    DOCR T132207-02:22:59 [C-2]  FRMCA1



'DX0096141530'

# EXHIBIT N

Doc #: 2022-125082
11/03/2022 02:39:07 PM
Page 1 of 2    Fee: $100.00
Steve J. Bestolarides
San Joaquin County Recorder
Paid By:

Recording requested by:

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108
619-645-7711

TS No.: **CA-22-947648-AB**                                    Space above this line for recorders use only
Order No.:**FIN-22010716**
APN No.: **232-330-27**

## Substitution of Trustee

      WHEREAS, **Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants** was the original Trustor, **Land Am** was the original Trustee, and **Mortgage Electronic Registration Systems, Inc. as beneficiary, as nominee for Bear Stearns Residential Mortgage Corporation., its successors and assign, Its Successors and Assigns** was the original Beneficiary under that certain Deed of Trust dated **10/11/2007** and recorded on **10/23/2007** as Instrument No. **2007-182730**, of Official Records of **SAN JOAQUIN** County, **CA**; and

      WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

      WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and stead of said original Trustee, or Successor Trustee, thereunder, in the manner provided for in said Deed of Trust,

      NOW, THEREFORE, the undersigned hereby substitutes **QUALITY LOAN SERVICE CORPORATION**, as Trustee under said Deed of Trust.

TS No.: CA-22-947648-AB
Page 2

Dated: 11/3/2022

Nationstar Mortgage LLC, by McCarthy and Holthus, LLP as its
Attorney in Fact

_A. Ba____

By: Adriana Banuelos, Authorized Agent for McCarthy and
Holthus, LLP

---

A notary public or other officer completing this certificate verifies only the identity of the individual who
signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of
that document.

State of: California )
County of: San Diego )

On _NOV 0 3 2022_____ before me, _Fabiola Isabel Lopez Sanchez_____ a notary public,
personally appeared _Adriana Banuelos_____, who proved to me
on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the instrument.

I certify under *PENALTY OF PERJURY* under the laws of the State of California that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    **(Seal)**

_____
Signature
         Fabiola Isabel Lopez Sanchez

FABIOLA ISABEL
LOPEZ SANCHEZ
COMM # 2386079
SAN DIEGO County
California Notary Public
Comm Exp Dec. 10, 2025

I hereby certify that this is a true copy of
the record consisting of___2___pages if the
seal of this office is impressed in purple ink.
August 21st, 2023

STEVE J. BESTOLARIDES
Assessor-Recorder-Co Clerk
San Joaquin County, CA

DOC #: 2022-129255
11/15/2022 03:52:25 PM
Page 1 of 5   Fee: $109.00
Steve J. Bestolarides
San Joaquin County Recorder
Paid By:

APN No.: **232-330-27**
Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corporation
2763 Camino Del Rio South
San Diego, CA 92108

TS No.: **CA-22-947648-AB**                                     Space above this line for Recorder's use
Order No.: **FIN-22010716**
Property Address: **1471 GREENWILLOW WAY, TRACY, CA 95376**

## IMPORTANT NOTICE
## <u>NOTICE OF DEFAULT AND ELECTION TO SELL</u>
## <u>UNDER DEED OF TRUST</u>

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED TO THE COPY PROVIDED TO THE MORTGAGOR OR TRUSTOR (Pursuant to Cal. Civ. Code § 2923.3)

### 注：本文件包含一个信息摘要
### 참고사항: 본 첨부 문서에 정보 요약서가 있습니다
### NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
### TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
### LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice). This amount is $26,111.85 as of 11/15/2022 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of

TS No.: **CA-22-947648-AB**

reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three-months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Nationstar Mortgage LLC**
**C/O Quality Loan Service Corporation**
**2763 Camino Del Rio S**
**San Diego, CA 92108**
**619-645-7711**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 10/11/2007, executed by Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants, as Trustor, to secure certain obligations in favor of Mortgage Electronic Registration Systems, Inc. as beneficiary, as nominee for Bear Stearns Residential Mortgage Corporation., its successors and assign, Its Successors and Assigns, as beneficiary, recorded 10/23/2007, as Instrument No. 2007-182730,    of Official Records in the Office of the Recorder of SAN JOAQUIN County, California describing land therein: as more fully described in said Deed of Trust.

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $417,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

The installments of principal and interest which became due on 2/1/2022, and

TS No.: **CA-22-947648-AB**

all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.55 or § 2923.5, or is otherwise exempt from the requirements of § 2923.55 and §2923.5.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**QUALITY MAY BE CONSIDERED A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Dated:** NOV 1 5 2022    **Quality Loan Service Corp., Trustee**

**By: Adriana Banuelos, Assistant Vice President**

Borrower(s):          ESTATE OF WURZ SUZETTE WURZ
Property Address:     1471 GREENWILLOW WY TRACY CA 95376
Trustee's Sale No.:

### CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL. CIV. CODE § 2923.55)

The undersigned, as an authorized agent or employee of the below mortgage servicer, declares as follows:

1.  [  ] The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.55(b)(2). Thirty days have passed since the initial contact was made.

2.  [X] The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.55(f) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

3.  [  ] No contact was required because the individual did not meet the definition of "borrower" under California Civil Code § 2920.5(c).

4.  [  ] The requirements of California Civil Code § 2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" or qualifying tenant-occupied residential real property as defined by California Civil Code § 2924.15.

Additionally, pursuant to California Civil Code § 3273.10:

1.  [X] The requirements of California Civil Code § 3273.10 do not apply because the borrower has not requested a forbearance related to a COVID-19 hardship.

2.  [  ] The requirements of California Civil Code § 3273.10 do not apply because the mortgage servicer has not denied the borrower a forbearance request on or after 8/31/2020.

3.  [  ] The requirements of California Civil Code § 3273.10 do not apply because the mortgage or deed of trust is not secured by residential property containing four dwelling units or less.

4.  [  ] The requirements of California Civil Code § 3273.10 do not apply because the borrower was not current on payment as of 2/1/2020.

5.  [  ] The mortgage servicer has denied the borrower a forbearance request on or after 8/31/2020, and a forbearance was not subsequently provided. A copy of the denial notice is attached.

6.  [  ] The mortgage servicer has denied the borrower a forbearance request on or after 8/31/2020, however, a forbearance was subsequently provided. A copy of the initial denial notice is attached.

7.  [  ] The mortgage servicer is in compliance with California Civil Code § 3273.10 because the mortgage servicer has complied with the relevant provisions regarding forbearance in Section 4022 of the federal Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (Public Law 116-136), including any amendments or revisions to those provisions, pursuant to California Civil Code § 3273.10(d).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER

Dated: __10/27/2022__

_Signature of Agent or Employee_    10/27/2022

__Andre Dickson - Document Execution Associate__
Printed Name of Agent or Employee

ATTACHMENT TO NOTICE OF DEFAULT

## NOTICE OF DEFAULT
## SUMMARY OF KEY INFORMATION

The attached notice of default was sent to Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants, in relation to 1471 GREENWILLOW WAY, TRACY, CA 95376. This property may be sold to satisfy your obligation and any other obligation secured by the deed of trust or mortgage that is in default. Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants has, as described in the notice of default, breached the mortgage or deed of trust on the property described above.

IMPORTANT NOTICE: IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date the attached notice of default may be recorded (which date of recordation appears on the notice).

This amount is $26,111.85 as of 11/15/2022 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Civil Code Section 2923.3(c)(2)                                    (Revised 01/21)

Trustee Sale Number: CA-22-947648-AB

**<u>Nationstar Mortgage LLC
C/O Quality Loan Service Corporation
2763 Camino Del Rio S
San Diego, CA 92108
619-645-7711</u>**

      If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.

      Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

      Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

      If you would like additional copies of this summary, you may obtain them by calling **<u>619-645-7711</u>**.

Civil Code Section 2923.3(c)(2)               (Revised 01/21)

Trustee Sale Number: CA-22-947648-AB

違約通知
關鍵信息摘要

本文中包含有關　1471 GREENWILLOW WAY, TRACY, CA 95376
（所 * 固定抵押貸款或產權契約違約的房產描述）

的違約通知發送給　Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants 。
（委托人姓名）

該房產可能被出售，以履行你的產權契約，抵押貸款及所應承擔的任何其它義務。 Suzette Wurz, an unmarried woman and Janice Wurz, an unmarried woman as joint tenants
（委托人）

如違約通知中所描述，違反了上述房產的抵押貸款或產權契約。

重要注意事項：如果你的房產因為你逾期未付款而進入法拍程序，可能不經任何法庭行動而被出售。你可能有權利在法律允許的恢復賬戶時間內，支付你所有的逾期款項，加上應付的成本和費用，使你的帳戶保持良好信譽。
時間通常是確定你財產出售日期的五個工作日之前。法拍日期要到本文中包含的違約通知被記錄在案（記錄日期出現在通知上）之后的90天，才可能確定。

這一金額在 $26,111.85 時為　11/15/2022，並會增加，直到你的帳戶回歸正常。
（日期）

當你的房產進入法拍程序，你仍須支付應付票據和產權契約或抵押貸款的其它付款義務（如保險費和稅金）。如果你沒有支付接下來的貸款，房地產稅，或財產保險及其它應付票據和產權契約或抵押貸款所要求的付款義務，受益人或抵押權人可以堅持要求你履行這些義務，以恢復你的帳戶信譽。此外，受益人或抵押權人可以以恢復你的帳戶為條件，要求你提供已經付清需優先處理的放置在你產權上的債務，房地產稅及財產保險保費的可靠書面証據。

一旦你書面申請，受益人或抵押權人會提供給你分類支付的全部帳單金額。雖然要求全額付款，你可以不用支付賬戶中的全部未付款，但你必須支付所有已逾期的款項。但是，你和你的受益人或抵押權人在發布法拍書面通知前（本通知被記錄在案的3個月后），可以以書面形式相互同意，其中包括（1）提供更多的時間來釋讀房產及以其它方式糾正違約，或（2）建立付款時間表以糾正違約，或兩者兼有之。

當本通知第一段中提到的時間段到期，如果法拍未進行，或者你和你的債權人之間有單獨的書面協議允許更長的時間，你雙有在支付你債權人所要求的全部金額后，才有權利停止債權人出售你的房產。

Notice of Default-Chinese (Revised 01/21)